THE STATE *ex rel.* McGRATH v. WALKER, *State Auditor.*

Constitution of 1875: EXECUTIVE DEPARTMENT: STATE BOARD OF EQUALIZATION: COMPENSATION OF ITS MEMBERS. Under the state constitution of 1875, and the statutes enacted thereunder, officers of the executive department are entitled to compensation for services rendered by them as members of the state board of equalization. (*State ex rel. v. Holladay*, 67 Mo. 64, *overruled*).

*Mandamus.*

WRIT AWARDED.

*M. K. McGrath pro se.*

SHERWOOD, J.—This, an original proceeding, is instituted by the relator to compel payment to him of a certain sum for services rendered by him as a member of the state board of equalization, he being secretary of state. It is admitted by respondent that an appropriation has been made and that there is in the state treasury, and belonging to the proper fund, the necessary amount for the payment of such claims as that of relator. So that the only point presented in the present instance is whether relator is entitled to the relief he seeks, *i. e.*, to compensation for the services it is admitted he has rendered.

Section 24 of article 5 of our state constitution is the following: " Sec. 24. The officers named in this article shall receive for their services a salary to be established by law, which shall not be increased or diminished during their official terms; and they shall not, after the expiration of the terms of those in office at the adoption of this constitution, receive to their own use any fees,

costs, perquisites of office, or other compensation. All fees that may hereafter be payable by law for any service performed by any officer provided for in this article shall be paid in advance into the state treasury."

Section 18, of article 10, of the same instrument provides: "Sec. 18. There shall be a state board of equalization, consisting of the governor, state auditor, state treasurer, secretary of state and attorney general. The duty of said board shall be to adjust and equalize the valuation of real and personal property among the several counties in the state, and it shall perform such other duties as are or may be prescribed by law."

It will thus be seen from the provisions of the constitution just noted, that the state officers mentioned in section 24, *supra*, are not *ex-officio* members of the state board of equalization, that is, their membership of that board is not the result of their holding certain state offices; but is the result of their appointment to such board, by an independent and distinct provision of the constitution. 1 Burrill Law Dict., title *ex-officio*. But for such independent provision they would not have been members of such board.

And even if they were *ex-officio* members of such board, it does not thence follow that relator is not entitled to maintain the present proceeding—because section 24, above quoted, makes special provision that the officers mentioned therein "shall receive for their services a salary to be established by law." Under the terms of so broad a grant of power, it was competent for the legislature to have trebled the salary of the officers mentioned, or to have placed it at whatsoever figure they wished. In any event, therefore, it was within the scope of power in this behalf granted the legislature, for them to have enacted that the officers referred to should receive certain sums resulting from the performance of certain duties imposed by the constitution,

whether those duties be regarded as duties *ex-officio or not.*

It is not thought, however, that section 24, in its subsequent provisions as to fees, costs, etc., was intended to treat of anything except fees, etc., that strictly pertained to the offices therein mentioned, at the time of the adoption of the present constitution. Thus the attorney general, state auditor and secretary of state were entitled to certain fees, etc., which fees, etc., were abolished by the constitution of 1875, and are now paid directly into the state treasury. 2 R. S. 1879, secs. 5597, 5598, 5643. The framers of the constitution must be presumed conversant with that fact, and to have had an intelligent purpose in so framing section 24.

It is not thought that section was intended to be extended any further than above stated ; it therefore should be limited to the mischiefs and evils it was specially designed to remedy and should not be so applied as to prevent the payment of the proper compensation for services rendered in another and distinct department of public service. Besides, the legislature has taken the same view in amending the law of 1872, in conforming it to the constitutional provisions aforesaid as shown by the Revision of 1879. 2 R. S., secs. 6666, 6667, 6668, 6669, and note.

Taking the whole history of the equalization of taxation as shown by the statutory and constitutional provisions before mentioned, it may be safely assumed that the purpose of the framers of the constitution in ordaining section 18, *supra*, was simply to provide a smaller body of men to equalize taxation, and thus secure a more economic method of accomplishing the desired object, and as the former board received compensation for their services, so also, should the present one. In Illinois, from which state we derived section 24 of our constitution (see Const. Ill., art. 5, sec. 23 ), it has been the unquestioned practice for years to allow the

state auditor compensation for his services on the state board of equalization.   Laws Ill. 1888, sec. 116.

A different conclusion from that above indicated was announced in *State ex rel. ɐ. Holladay*, 67 Mo. 64; but that ruling was not made by a full bench, and was by a divided court, and should no longer be received as authoritative.

We, therefore, award a peremptory writ.    All. concur.