THE STATE *ex rel.* HICKORY COUNTY v. DENT *et al.,*
*Appellants.*

Division Two, March 24, 1894.

1. **County Clerk, Action on Official Bond of:** JURISDICTION: CONSTITUTION. The county is the real party in interest as plaintiff in an action by the state at the relation of the county on the official bond of a county officer for the use of the county and the supreme court has in such case appellate jurisdiction from the courts of appeals, under the provision of section 12 of article 6 of the constitution.

2. **Practice:** JURISDICTION: COUNTY OFFICER, SUIT ON OFFICIAL BOND OF. Suit on the official bond of a county officer should be brought in the circuit court. The county court has no jurisdiction in such case.

3. **Offices and Officers:** COUNTY CLERK: FEES. County clerks are chargeable with all fees received by them in their official capacity, as provided by Revised Statutes, 1879, section 5626, which includes the amount allowed them by the county court under section 5410 for keeping the county's accounts with its officers.

4. **——: ——: ——:** SUIT ON BOND. Suit can not be brought on the official bond of a county clerk, as required by Revised Statutes, 1879, section 5628, for failure to pay the excess over the amount allowed him into the county treasury, where the county court has failed to ascertain the amount of such excess and make an order for its payment, as provided by section 5626 and to order the suit to be brought, as provided by section 5628, upon the failure of the clerk to make the payment.

*Appeal from    Hickory    Circuit    Court.*—HON.  W.  I.
WALLACE,  Judge.

REVERSED.

*Wm. O. Mead* and *J. H. Childers* for appellants.

(1) It  is  provided by section 5627, Revised Stat-
utes, 1879, that the defendant, Dent, might retain fees
by him collected to the amount of $1,100 for his salary
for each year he  was  clerk  of the county court.  (2)
It is provided by section 5626 that the defendant, Dent,
as  clerk  of  the  county  court,  should  make  returns
quarterly to the county court of all fees by him received
to  date  of  such  return  and  for  what  service  and
from whom received, and the  amount of  money  paid
to deputies and  assistants  and  verify the same by  his
affidavit, and that the  county  court shall  examine the
same and  allow  all  necesssary  clerk  hire,  and  shall
ascertain the  amount in  excess  above  his  salary and
clerk hire and shall make an order directing such clerk
to pay such  excess  into  the  county  treasury,  which
order in this case was never made.  When the defend-
ant, Dent, filed the statement offered in evidence it con-
ferred jurisdiction on the county court and a suit could
not be commenced in the circuit court that would oust
that jurisdiction, and  could  only  acquire  jurisdiction
by appeal from  the  order  in  relation  to  payment  of
excess.  The jurisdiction of the county court is original
and exclusive.  *Pearce v. Calhoun,* 59 Mo. 271; *French
v. Stratton,*  79  Mo.  562;  *Hammon v. Renfro,* 84  Mo.
340.  (3) The defendant,  Dent,  was entitled to apply
any excess of fees in  his  hand  for  the  year 1884  and
appropriate the  same  to the  payment of  the  amount
which his fees received  for  the  year 1883  was short of
the  salary allowed  by law.  *Pugh v. Evans,* 31  Mo.

App. 290. (4) The defendant, Dent, was entitled to the compensation allowed by the county court for keeping the county accounts over and above the salary of $1,100 under the provisions of sections 5387 and 2410, Revised Statutes, 1879. (5) This case is the same in principle as the *State ex rel. McGrath v. Walker*, 97 Mo. 162. See Constitution of Mo. art. 10, sec. 18; R. S. 1879, sec. 5643 and secs. 6666 to 6669.

*T. G. Rechow* with *W. D. Harryman*, Prosecuting Attorney, for respondent.

(1) On the first point, we submit that it has been the uniform practice for the circuit court to entertain jurisdiction of suits on official bonds, and we have never before heard it questioned. *State ex rel. v. O'Gorman*, 75 Mo. 370; *State ex rel. v. Hickman*, 84 Mo. 74; *State to use v. Thornton*, 8 Mo. App. 571. We think the above cases are decisive of this point. (2) And on the second point, section 5009, Revised Statutes, 1889, being section 5626, Revised Statutes, 1879, leaves no question. The language is too plain for construction; after stating that he shall make returns quarterly, it proceeds: "Such statement shall include all fees for all services of whatever character, done in his official capacity." Now, appellant's contention is that the services rendered by the county clerk under sections 3182 and 3184, Revised Statutes, 1889, and the payment for which is provided for in section 3207, are not "rendered in his official capacity." We are at a loss to find any warrant for this contention. The law says the county clerk shall "keep regular accounts between the treasurer, and the county," and to "keep just accounts between the county and all persons, bodies politic and corporate, chargeable

with moneys payable into the county treasury," etc. Section 3184, *supra*. We can not discover the analogy between the services rendered by the secretary of state *ex officio* a member of the board of equalization. These services were rendered by Mr. McGrath as a member of the board of equalization, and not as secretary of state. But the services rendered by appellant were rendered as county clerk, and in no other capacity. We think the case of *State ex rel. v. Hickman*, is decisive of this point..

SHERWOOD, J.—This cause, an action on the bond of the county clerk of Hickory county, has been transferred to this court on the ground, as recited in the order of the Kansas City court of appeals, that "it involves a constitutional question."

I.   We do not discover any constitutional question involved in this record, but under the ruling in *State ex rel. v. Tate*, 109 Mo. 265, the county of Hickory is the real party in interest as plaintiff, and so this court has jurisdiction in conformity to article 6, section 12 of the constitution.

II.   The circuit court was the only court in which a suit on the bond in suit could be brought. The county court had no jurisdiction in such case. Numerous authorities in this court show this.

III.   This action was brought in 1889, on the bond of Dent, as principal, and others, his sureties, for arrearage in his official capacity, and it was clearly shown that he was behindhand in his accounts for the years 1884 to 1886, inclusive, having been elected clerk at the general election in 1882. Under the provisions of section 5626, Revised Statutes, 1879, it became Dent's duty to "make return quarterly to the county court of all fees by him received to date of return; from whom received and for what services, giving the amount of

each fee received, and of the salaries by him actually paid to his deputies or assistants, stating the same in detail and verifying the same by his affidavit."

The section further provides that: "Such statement shall include all fees for all services of whatever character, done in his official capacity," etc. And the section still further provides: "The county court shall, at each regular session, examine such statement, and may examine any person as to the truth of the same and allow all necessary clerk or deputy hire, not exceeding the amount allowed in the next succeeding section of this chapter for deputies or assistants, and deduct the same from the aggregate amount received by the clerk, and if there be an amount still in the hands of the clerk exceeding the sums specified in the next section succeeding, the court shall ascertain the amount of such excess over and above the amounts allowed to be retained by the clerk, and paid to deputies and assistants, and make an order directing such clerk to pay the amount so ascertained into the county treasury."

Section 5627 provides that "in all counties having a population of ten thousand and less than fifteen thousand persons, the clerks shall be permitted to retain one thousand, one hundred dollars for themselves," etc. Section 5628 provides that "it shall be the duty of such clerk, within fifteen days after such order has been made, to pay into the county treasury the amount of money so ordered to be paid, and take duplicate receipts," etc. The concluding portion of the section makes provision that "if any clerk shall fail to pay the amount of money so ordered to be paid into the county treasury, and file the receipt therefor, within the said fifteen days, the county court shall immediately cause suit to be commenced on the official bond of such clerk for such amounts of money, together

with interest at the rate of twenty per cent. per annum
from the end of said fifteen days till paid.''

Under the provisions of section 5626, *supra,*
defendant Dent had kept an abstract of the fees
received, etc., etc., and this abstract which was exhib-
ited in evidence on the trial, as counsel for defendant
say, ''proves conclusively that the defendant Dent, as
clerk, received from all sources for his services in the
way of fees and as compensation for keeping accounts
under the provisions of article 4, chapter 95, Revised
Statutes, 1879 (which were then in force), $6,075.12,
and that he paid out for deputy hire, $1,240.78, which
is shown by the quarterly returns or abstracts of
moneys received, made by the defendant, Dent, as clerk.
It is further shown that the county court never made
an order directing the defendant Dent, as clerk or oth-
erwise, to pay any part of such sums into the county
treasury. It is also conclusively proved that of said
sum of $6,075.12, the sum of $1,600 thereof was allowed
him as compensation for keeping the county accounts
under article 4, chapter 95, Revised Statutes, 1879.''

Section 5410 of article 4, chapter 95, provides that
''the court shall allow to the clerk of the county court
for his services under this article such compensation as
may be deemed just and reasonable.'' Under this last
section it was claimed that as the county court had
allowed Dent $100 per quarter for keeping the county's
accounts as provided for in the article and chapter
referred to, that he was not required to account for
those sums, but that they were entirely *independent* of
the $1,100 allowed him under the provisions of section
5627. But this is altogether a mistake, because under
section 5626, the statement the clerk is required to
make, ''*shall include all fees for all services of whatever
character, done in his official capacity,*'' and it was only
by reason of such services being done *in his official*

*capacity* that Dent was entitled to such fees thus earned. There was, therefore, no error in the trial court making this declaration of law at the instance of relator:

"The court declares the law to be that the clerk is chargeable with all fees received by him in his official capacity including the fees received for keeping the accounts with the county officers and if the aggregate amount received by him in any one year after making a proper allowance for deputy hire exceeded $1,100 then plaintiff is entitled to recover said amount so in excess."

*State ex rel. McGrath v. Walker*, 97 Mo. 162, has been cited as showing that defendant Dent was permitted to retain the fees for keeping the accounts with the county officers, but that case, when examined, will not sustain such contention, because, there, McGrath rendered the services in question not as secretary of state, but as member of the board of equalization, a distinct and independent office, created by the constitution, and for performing the duties of which that instrument makes special provision that the officers mentioned therein "shall receive for their services a salary to be established by law." On the foregoing point, therefore, our ruling must be for relator.

IV. But it will have been observed that section 5626 provides that the county court *"shall ascertain the amount of the excess, etc., and make an order directing such clerk to pay the amount so ascertained into the county treasury."* The evidence in this case shows that no such order was made. And the evidence further shows that the county court did not obey the provisions of section 5628 by ordering suit to be brought on the bond of Dent. That bond was conditioned that Dent "should faithfully perform the duties of said office and pay over all money which should come into his hands by virtue of his office," etc. R. S. 1879, section 617.

The general rule of the law is that, whenever a particular and statutory method of proceeding is pointed out as the one to be pursued, then such method is exclusive. And this is true, although there is a general power under which courts or officials would have been able to perform the act. Yet as the legislature imposed a special limitation, it must be strictly pursued. *Hudson v. County Court*, 28 Ark. 359; Sutherland on Statutory Construction, sections 454, 392, 393.

Under these statutory provisions and authorities, it was a *condition precedent* to Dent's being in default that the county court should have had a settlement with him and at that settlement made *an order requiring him to pay over the excess*, to which he was not entitled, into the county treasury, and it was also a *condition precedent* that, on the failure of Dent to comply with such order within fifteen days after its making, such court should *order suit to be brought on the bond of the clerk;* but neither of such orders was made. Therefore judgment reversed. All concur.