LITTLE RIVER DRAINAGE DISTRICT, Appellant, v. E. W. LASSATER, Township Collector.—29 S. W. (2d) 716.

Division Two, June 11, 1930.

494

*Oliver & Oliver* for appellant.

*Wammack, Welborn & Cooper* for respondent.

498

BLAIR, P. J.—Action to recover fees retained by defendant as Collector of Richland Township, Stoddard County, for collecting taxes due plaintiff, alleged to have been in excess of fees for that service authorized by law. The petition was in two counts, covering alleged illegal fees retained by defendant from current taxes collected in the years 1925 and 1926. The trial court found for defendant, and plaintiff was granted an appeal to this court.

The facts are not disputed. Appellant (plaintiff below) is a drainage district, organized under the Circuit Court Drainage District Law. [Art. I, Chap. 28, R. S. 1919.] Part of the lands of the drainage district lie within Richland Township. The drainage district taxes levied on such lands for the years mentioned were duly certified, and the tax books covering the same were delivered, to respondent as collector of such township. He received said books and collected the taxes. He remitted to appellant the taxes thus collected, less two per cent thereon, which he retained as his fees.

Appellant contends that respondent was only entitled to retain one per cent of the amount collected. The amount claimed by appellant in the first count of the petition is $706.60, with a penalty of ten per cent from January 1, 1926, to the date the petition was filed. In the second count the sum of $617.54 for the year 1926, with a like penalty, is claimed.

All references herein to the statutes of this state are to the 1919 revision, unless otherwise noted. Section 4398 authorizes a county collector to retain one per cent as his fee for collecting current drainage district taxes. Section 4426 provides that in counties under township organization, as was Stoddard County, the drainage district taxes shall be collected by the township collectors, who shall receive the same compensation under like penalties as county collectors receive for the identical service.

It is clear that, if the foregoing sections are the only sections of the statute having a bearing on the amount of fees which respondent was entitled to retain, judgment should have gone for appellant as

prayed. But respondent relies on the provisions of Section 4575 and an order of the County Court of Stoddard County, authorized by said section, as controlling upon the amount of fees he was entitled to retain. Said section reads as follows:

"The county and township collectors for collecting current taxes for drainage and levee districts shall receive one per cent of all such taxes collected, and for the collection of delinquent taxes for such districts they shall receive two per cent of all sums collected: *Provided,* that when it shall appear to the county court that, because of excessive additional expense incurred in collecting drainage or levee taxes, the collector should receive more than one per cent of current taxes collected, the county court shall allow such increase as to the court shall seem just, not to exceed an additional one per cent of the amount collected."

Acting under the supposed authority of said section, the County Court of Stoddard County made orders covering each year here involved, providing that the township collectors of said counties should be allowed two per cent for collecting current drainage district taxes.

Appellant contends that, even though Section 4575 may be applicable to drainage districts organized by county courts, it does not apply to districts, such as appellant drainage district, organized by circuit court order, under the provisions of Article I, Chapter 28. Appellant cites and relies upon St. Francis Levee District v. Dorroh, 316 Mo. 398, l. c. 415 and 416, 289 S. W. 925, as holding that collectors are not allowed more than two per cent for collecting delinquent taxes due levee districts organized under the orders of the circuit court. While the opinion apparently assumes that the collector was only authorized to retain two per cent for collecting delinquent taxes (four per cent was taxed as costs in the case), the point really decided was that all of the collector's fee must be paid by the levee district and none of it is taxable as costs in the tax suit. It does not appear in that portion of the opinion how the trial court came to tax four per cent, instead of two per cent, as the collector's fee, and this court certainly did not undertake to determine in that case that the collector would not have been entitled to retain more than two per cent had he collected the delinquent taxes and deducted that amount in remitting to the levee district.

It is probably unnecessary to say that the reasons actuating the General Assembly at its 1927 session, in withdrawing from county courts the power to increase the collector's compensation theretofore authorized by Section 4575, are not before us in this case and that act (Laws 1927, p. 180) has no bearing upon respondent's right under Section 4575 to retain two per cent of the current taxes collected by him for the years here involved.

Laws of 1913, pages 321 to 323, cannot be read as a whole and the conclusion reasonably reached that Section 3 (now Section 4575) was intended by the Legislature to apply only to drainage and levee districts organized by county courts. Appellant cannot well contend that none of the sections of said act apply to circuit court districts, for some of the sections can apply *only* to such districts. The cases cited, holding that the drainage act is a complete and separate scheme within itself, do not declare that all the law relating to that scheme, in so far as circuit court drainage districts are concerned, is found in Article 1, Chapter 28, of the Revised Statutes.

It is the duty of courts, in construing two or more statutes relating to the same subject, to read them together and to harmonize them, if possible, and to give force and effect to each. [36 Cyc. 1149.] We think this can be done in considering Sections 4398 and 4426 in connection with Section 4575. The latter section was first enacted as Section 3, of Laws of 1913, page 321, as above pointed out, while Section 4398, in so far as the county collector's fee for collecting current drainage district taxes is concerned, appeared as Section 5521, Revised Statutes 1909, in substantially the same form. That section was repealed by Laws of 1913, page 232. Its language was then re-enacted in substance in Section 22, Laws of 1913, at page 245, with the addition of an allowance of two per cent for the collection of delinquent drainage district taxes.

The Circuit Court Drainage District Act, appearing as Article I, Chapter 41, of the 1909 revision, seems not to have contained a section like present Section 4426, imposing upon township collectors in counties under township organization the duties of county collectors to collect drainage district taxes and providing for township collectors the same compensation under like penalties. But in 1911 (Laws 1911, p. 215, Sec. 5520a) such a law was enacted. In respect to the duties, liabilities and compensation of township collectors in the collection of drainage district taxes, it was substantially the same as present Section 4426.

In 1913 the General Assembly undertook a revision of the law affecting circuit court drainage and levee districts. By Laws of 1913, pages 232 to 267, Article I, Chapter 41, of the 1909 statutes and its amendments in 1911, were repealed and a complete new scheme was enacted. Many existing provisions were retained, including the provision that county collectors should receive one per cent for collecting drainage district taxes and that township collectors in counties under township organization should collect such taxes and receive like compensation and be subject to similar penalties.

Laws of 1913, page 321, of which present Section 4575 was Section 3, was an enactment on a new subject. Other laws passed

in 1913 affecting drainage and levee districts dealt with districts organized by circuit courts and made no general revision of the law relating to drainage and levee districts organized by county courts. There is nothing to indicate that Section 3, Laws of 1913, page 321, was intended to apply to drainage and levee districts organized by county courts and not to apply to circuit court drainage and levee districts. At least it would seem reasonable to suppose, in view of all the circumstances of the revision of 1913, that the General Assembly would have said so explicitly if it intended that what is now Section 4575 should apply only to drainage and levee districts organized by county courts.

In Laws of 1913, page 321, the General Assembly apparently undertook to enact new legislation concerning fees in the organization and conduct of drainage and levee districts. It sought to authorize county collectors and township collectors in all such districts to receive more than one per cent for collecting taxes of such districts under certain circumstances. It would have taken four separate amendments to express such legislative intention in each of the four articles relating to circuit court and county court drainage districts and to circuit court and county court levee districts. It apparently undertook to do it in one general act applicable alike to all such districts.

It is our conclusion that Sections 4398, 4426 and 4575 can be read together and completely harmonized and that the proper construction of the three sections, when so read together, is that township collectors are entitled to the same compensation for collecting drainage district taxes as county collectors and that county collectors ordinarily are entitled to retain only one per cent for collecting current drainage district taxes; but that county courts may increase such compensation to an amount not exceeding an additional one per cent of the taxes collected, where such collectors incur excessive additional expenses in collecting such taxes.

The foregoing conclusion is based upon the assumption that Section 4575 is a constitutional act. Appellant insists that it is not constitutional for several reasons, next to be noticed. It first contends that Section 4575 violates Section 12, Article IX, of the Missouri Constitution, which provides that, ''The General Assembly shall, by a law uniform in its operation, provide for and regulate the fees of all county officers, and for this purpose may classify the counties by population.'' Appellant argues that Section 4575 authorizes the fixing of the compensation of township collectors to suit the whims of the various county courts of the 114 counties of the State and, hence, the law is not uniform in its application and operation.

Under our rulings in State ex rel. Buchanan County v. Imel, 242 Mo. 293, 146 S. W. 783; Greene County v. Lydy, 263 Mo. 77, 172

S. W. 376, and other cases cited in the briefs, the provisions of Section 12, Article IX, have no application to officers not performing county functions and duties. Township collectors certainly cannot be regarded as within the above constitutional provision. It would seem that, in collecting taxes for drainage districts, even though such drainage district might include the entire territory of the county, county collectors would be performing no duties or functions of their offices as county collectors. In performing these duties they are agents and officers of and perform them for such districts. Section 12, Article IX, has no application to a statute regulating the fees of such officers for services they render to drainage districts.

Appellant contends that Section 4575 authorizes an increase in the compensation of township collectors during their terms of office and, hence, violates Section 8, of Article XIV, of the Missouri Constitution, which provides that "the compensation or fees of no state, county or municipal officer shall be increased during his term of office; . . ." As neither county collectors nor township collectors, in respect to their services, in collecting the taxes of drainage districts, perform any of the duties of state, county or municipal officers, it would seem that the fixing of their compensation for rendering such services to drainage districts is not controlled by Section 8, Article XIV, of the Constitution.

The constitutional inhibition only applies to compensation or fees of officers for performing duties incident to their offices and has no application to additional duties imposed upon such officers not ordinarily incident to their offices. [State ex rel. McGrath v. Walker, 97 Mo. 162, 10 S. W. 473; State ex rel. Hickory County v. Dent, 121 Mo. 162, 25 S. W. 924; State ex rel. Linn County v. Adams, 172 Mo. 1, 72 S. W. 655; State ex rel. Harvey v. Sheehan, 269 Mo. 421, 190 S. W. 864; State ex rel. Zevely v. Hackmann, 300 Mo. 59, 254 S. W. 53; State ex rel. Barrett v. Boeckler Lumber Company, 302 Mo. 187, 257 S. W. 453.]

The collection of drainage district taxes is no part of the duties ordinarily incident to the office of county and township collectors. Such duties are additional duties dependent upon the existence of a drainage district having lands, taxable for district purposes, lying within the territorial jurisdiction of such officers. In collecting such taxes, county and township collectors are officers and agents of the particular drainage district. They are required to give separate bonds to such district. [Sec. 4396, R. S. 1919.] The provisions of Section 8, Article XIV, of the Constitution, are not violated by Section 4575.

Appellant contends that Section 4575 is violative of Section 1, Article IV, of the Constitution of Missouri, which vests the legis-

lative power of the state in the General Assembly, and cites State v. Field, 17 Mo. 529, l. c. 534, and Merchants Exchange v. Knott, 212 Mo. 616, l. c. 645, 111 S. W. 565. In State v. Field, a statute was held invalid, as violative of the above constitutional provision, which undertook to authorize the county courts of the State to suspend the provisions of a general statute within their counties. In Merchants Exchange v. Knott, the Board of Railroad and Warehouse Commissioners had been given the power by the act assailed to establish an inspection and weighing of grain, etc., "at such places or in such territory within this State as in their opinion may be necessary." The act was held to be an improper delegation of legislative power. In speaking of the power thus delegated, this court said: "It is the wholesale, unregulated power to say, in effect, there shall be an operating law or no law, to say where the law shall operate, on whom and when. This phase of the case, having been heretofore fully developed, needs no further attention, beyond saying that no man in Missouri holds his property or rights, subject to the unregulated discretion of any other man."

Neither case cited by appellant reaches the question here. In the last case above cited, the court said:

"Again, it is argued by the Attorney-General that a class of cases holding that, while a legislature cannot delegate its power to make a law, yet it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend, sustains the constitutionality of the present statute.

"Many cases attest the soundness of the proposition that the Legislature in making a law can delegate a power such as just indicated. For instance, Crowley v. Christensen, 137 U. S. 86; Locke's Appeal, 72 Pa. St. 491; Land & Stock Co. v. Miller, 170 Mo. 253. See, also, authorities cited, supra, in this paragraph. But the power delegated to the commission by the Act of 1907 is not the power to determine a fact." [Merchants Exchange v. Knott, 212 Mo. l. c. 644.]

In 12 Corpus Juris, 859, it is laid down as the general rule that statutes authorizing local authorities to fix fees and salaries of local officers are valid and not an improper delegation of legislative power, vested by state constitutions in the state legislature, and that such local authorities have the power to fix such compensation, unless the particular officers come within a class whose compensation other provisions of the Constitution require to be uniform or to be regulated by a general law. We have held that, in collecting drainage district taxes, county and township collectors do not come within the class of officers whose compensation must be uniform.

504

Missouri has a number of statutes authorizing county courts or other designated local governing bodies to fix fees or salaries of certain local. officers.. Section 9536 authorizes county courts to fix the compensation of county treasurers. Section 11019 authorizes the county. court in certain counties to permit the county clerk and circuit clerk to retain additional money for deputy or assistant clerk hire. Section 11188 authorizes the county court to pay county treasurers not to exceed one-half of one per cent of all school moneys disbursed by said treasurers.

Appellant cites no case where the delegation of such authority has been held violative of Section 1, Article IV, of the Constitution. Rights under such statutes have been before this court without constitutional challenge in several cases. See Givens v. Daviess County, 107 Mo. 603, 17 S. W. 998; State ex rel. Dietrich v. Daues, 315 Mo. 701, 287 S. W. 430. The assignment is overruled.

The final contention of appellant is that Section 4575 permits the taking of its property without due process of law, in contravention of Section 30, Article II, of the Missouri Constitution. The argument is that the drainage district has no more than a certain amount of revenue derivable from taxes levied upon the lands within the drainage district. Its budget requires all of that amount to create a sinking fund for the retirement of its bonds, to pay interest thereon and to pay the expenses of the drainage district and that, if Section 4575 applies to circuit court drainage districts and is a valid law, it permits the county court to take away not exceeding an additional one per cent of the district's property (an expense not provided for by the district in its budget) for the payment of collector's fees without notice to, or a hearing being afforded, the district.

Appellant has cited no authority in support of its contention and we have been able to find none. Had the General Assembly passed a general law increasing collectors' fees for collecting current drainage district taxes to two per cent, appellant and other drainage districts could not well have contended that they were entitled to a hearing as a matter of right. The County Court of Stoddard County was in the exercise of its legally delegated legislative authority when it made the order increasing the fees of the township collector for collecting drainage district taxes, upon finding that such collector incurred excessive additional expenses in collecting such taxes.

Suppose the earnings of certain real estate owned by an individual should be just enough to pay the taxes and the interest upon the mortgages against it, and the taxing authority within prescribed constitutional limits so increased the rate of taxes that the particular individual became unable to pay all charges against his property and could not meet both the taxes and the interest and was threatened

with the loss of his property through a tax or foreclosure sale. Surely the due process clause of our Constitution could not be successfully invoked to defeat the increased taxes merely because of the individual hardship suffered. Appellant's property, which is protected by the above constitutional provision, is the net amount of taxes collected for it after the expense of collecting the same has been deducted. This property is not taken without due process of law by the order of the County Court of Stoddard County, authorized by Section 4575. The contention is overruled.

We have carefully considered all of the assignments of error made by appellant and find them to be without substantial merit.

The judgment of the trial court is affirmed. All concur.