STATE OF MISSOURI, AT THE RELATION OF RUTH M. HILL, RELATRIX, v.
THOMAS H. THATCHER, PRESIDING JUDGE, EUGENE G. TIGHE, JUDGE
OF THE FIRST DISTRICT, AND EMIL WOHLSCHLAEGER, JUDGE OF THE
SECOND DISTRICT TOGETHER, COMPOSING THE COUNTY COURT OF
THE COUNTY OF ST. LOUIS, STATE OF MISSOURI, RESPONDENTS.—94
S. W. (2d) 1053.

St. Louis Court of Appeals.   Opinion filed June 2, 1936.

*Lee A. Hall* and *J. M. Todd* for relatrix.

*John E. Mooney* for respondents.

BECKER, J.—This is a suit in mandamus by petitioner who is an assistant clerk of the circuit clerk of the Circuit Court of St. Louis County, Missouri, against respondents as judges of the county court of said county to compel them to issue and deliver to her two warrants of said county in the sum of $175 each in payment of her salary as assistant clerk for the months of January and February, 1936.

The issue raised by the petition, the return of the respondents, and reply of petitioner thereto, is whether the circuit clerk had the authority to appoint plaintiff and to fix her compensation with the approval of the circuit court or whether the circuit clerk had the authority to appoint the plaintiff with the approval of and her compensation fixed by the county court.

The Legislature, in 1933, repealed the then existing section 11812, Revised Statutes of Missouri, 1929 (Mo. St. Ann., sec. 11812, p. 7031), and enacted in lieu thereof the new section pertaining and relating to the same subject, to be known as section 11812, as follows:

"Sec. 11812. Deputy and assistant circuit clerks—compensation.— Every clerk of a circuit court shall be entitled to such number of deputies and assistants, to be appointed by such official, with the approval of the county court, as such court shall deem necessary for the prompt and proper discharge of the duties of his office. The County Court, in its order permitting the clerk to appoint a deputy or assistant, shall fix the compensation of such deputy or assistant which, in counties having 12,500 persons and less, shall not exceed the amount allowed deputy or assistant to the county clerk for the actual time employed and shall designate the period of time such deputy or assistant may be employed. Every such order shall be entered of record, and a certified copy thereof shall be filed in the office of the county clerk. The clerk of the circuit court may at any time, discharge any deputy or assistant, and may regulate the time of his or her employment, and the county court may, at any time, modify or rescind its

order permitting any appointment to be made, and may reduce the compensation theretofore fixed by it.''

The legislature at the same session in 1933 adopted what is known as the County Budget Law providing for a county budget in certain counties, and among the provisions of said Budget Law relating among others to the county of St. Louis, it is provided by section 18 thereof, as follows:

''Sec. 18. Duties of departments, courts, commissions.—Except as in this section otherwise specified, all offices, departments. courts, institutions, commissions, or other agency spending moneys of the county, shall perform the duties and observe the restrictions set forth in the preceding sections relating to budget procedure and appropriations. The estimates of the circuit court, including all activities thereof and of the circuit clerk, shall be transmitted to the budget officer by the circuit clerk. The estimates of the circuit clerk shall bear the approval of the circuit court. The Budget officer of the county court shall not change the estimates of the circuit court or of the circuit clerk without the consent of the circuit court or the circuit clerk, respectively, but shall appropriate in the appropriation order the amounts estimated as originally submitted or as changed. with such consent.''

Petitioner contends that under section 18 of the Budget Act, supra, the circuit clerk, with the approval of the circuit court, had the power to appoint petitioner and to fix her salary, and that when the estimate of the expenses of the circuit court for the year 1936, duly approved by the judges comprising the said court, was submitted by the circuit clerk of said court to the budget officer of the county, the items thereof became lawful expenses of the circuit court which could not be changed without the consent of the circuit court of the circuit clerk thereof.

Petitioner's chief reliance in support of this contention is that our Supreme Court, in the recent case of Graves, Pros. Atty v. Purcell et al., 85 S. W. (2d) 543, 1. c. 550, in passing upon the contention that ''the requirements of section 18 of the Act (Mo. St. Ann., 12126r, p. 6434), that the county court shall have no authority to revise the estimates of expenditures submitted by the circuit court, and by the circuit clerk with the approval of the circuit court, but that in the case of these estimates shall appropriate the amounts estimated, is violative of the provisions of section 36, article 6 of the constitution, which ordains that the county court shall 'transact all county . . . business,' and also constitutes an unlawful delegation to the circuit court and the circuit clerk of the power to tax,'' held,

''We do not think that the section of the act here complained of grants to the circuit court or to the circuit clerk any power to expend money, but merely provides for the payment to the court and its

clerk of such expenditures as under existing law the court and its clerk may be entitled to make and which are chargeable to the county. As the circuit clerk is the ministerial officer of the circuit court, the expenses of both may properly be regarded as expenses of the circuit court. Within the confines of constitutional limitation, it was open to the Legislature to determine the policy to be followed in defining the scope of county budgetary control and procedure. It was certainly within the power and province of the Legislature to provide that in the matter of its lawful expenditures the circuit court should be free from the control of the county court. We need hardly add that the duties performed by the circuit court and the circuit clerk do not constitute 'county business' within the meaning of section 36 of article 6 of the Constitution. [State ex rel. v. Imel, 242 Mo. 293, 146 S. W. 783; Little River Drainage District v. Lassater, 325 Mo. 493, l. c. 501, 29 S. W. (2d) 716.] We find no merit in the contentions that section 18 of the statute (Mo. St. Ann., sec. 12126r, p. 6434) is obnoxious to the provisions of section 36 of article 6 of the Constitution or that it unlawfully grants taxing power to the circuit court and the circuit clerk.''

What the Graves case definitely decides is that section 18 of the Budget Act (Mo. St. Ann., sec. 12126r, p. 6434), does not violate the constitutional provisions of section 36, article 6 of the Constitution, and does not constitute an unlawful delegation to the circuit court and the circuit clerk of the power to tax. It is to be noted, however, that the court did not have before it, and therefore did not determine, the question as to what ''expenditures . . . under existing law the court and its clerk may be entitled to make and which are chargeable to the county,'' so that when set out in the estimates of expenditures submitted by the circuit court and by the circuit clerk to the budget officer, the county court under section 18 of the Budget Act shall have no authority to revise. In other words, the case did not determine what may and what may not be ''lawful expenditures of the circuit court'' which ''should be free from the control of the county court.''

The contention of petitioner that the county court under section 18 of the Act had no authority to revise *any* of the estimates of the expenditures whatsoever that may be submitted by the circuit court and by the circuit clerk with the approval of the circuit court is not tenable. Statutes are in force which fix the salaries of circuit clerks in various counties, as well as the fees which are to be allowed jurors and witnesses. Certainly no one would contend that under the provisions of section 18 of the Budget Act a circuit court could include in its estimate of expenditures submitted under the Budget Law a salary for its clerk in excess of that provided by law for its circuit clerk; or that it could figure the fees of the estimated number of jurors and

witnesses for the calendar year at a fee higher than that fixed by statute, and that the county court would be bound to adopt in its budget the estimate so submitted for these items though clearly in excess of the amounts allowed by law. In our view the estimate for the salary of any assistant clerk of the circuit court falls in the same category since it is specifically provided under section 11812, Laws of Missouri, 1933, that every clerk of a circuit court shall be entitled to such number of deputies and assistants, to be appointed by such officer, *with the approval of the county court*, and that the *county court* in its order permitting the clerk to appoint such deputies and assistants *"shall fix the compensation of such deputy or assistant . . .* and the *county court* may at any time modify or rescind its order permitting any appointment to be made, and may reduce the compensation theretofore fixed by it." Certainly, in light of this specific statute, where the county court shall have, in conformity therewith, approved of an appointment of a deputy or assistant of a circuit clerk and has fixed the compensation of such deputy or assistant, the estimate of expenditures submitted by the circuit court and the clerk of the circuit court to the budget officer under the Budget Law, must designate therein that amount so fixed by the county court.

In this connection we call attention to the fact that when the legislature in 1933 repealed the then existing section 11812, Revised Statutes of Missouri, 1929 (Mo. St. Ann., sec. 11812, p. 7031), and enacted a new section of the statute under the same number, a comparison of the new with the old section will disclose that the only change accomplished was to take the approval of the selection of deputies and assistants of the clerk of the circuit court and the fixing of the compensation of such deputies and assistant clerks from the *circuit court* and place it in the hands of the *county court*.

We are clear in our view and so hold that under the existing statutes the approval of the appointment and the fixing of the compensation for deputies and assistants of the clerk of the circuit court of St. Louis county lies with the county court, and that this view is in keeping with the ruling of our Supreme Court in the Graves case, supra, and does not violate the provisions of section 18 of the Budget Act.

The facts in the instant case are conceded. We will now examine them in light of what we have ruled above.

Petitioner was duly appointed as an assistant to the circuit clerk of St. Louis county on January 7, 1935, and has continued as such up to the present time. During the year 1935 the respondents regularly issued to petitioner a warrant each month for $175 in payment of petitioner's salary as such assistant circuit clerk. The estimate of expenditures of the circuit court, including that of the circuit clerk, of its requirements for the year 1936 duly submitted to the budget of-

ficer of the county court was $91,960, which included petitioner as an assistant clerk at a salary of $2100 for the year, or $175 per month, being the same amount which had been paid petitioner throughout the year 1935. The budget officer "recommended" (section 11 of the County Budget Act of 1933, p. 347), a total appropriation for the circuit court and the clerk of the circuit court the sum of $84,810 for the year 1936, which included a recommendation of $1620 as the salary for the petitioner for the year 1936. The county court held a public hearing upon the proposed budget as recommended by its budget officer and thereafter in the budget formally adopted for the county for the year 1936 it appropriated for the use of the circuit court and the circuit clerk a total *lump sum* of $86,760. In thus adopting and appropriating this lump sum the county court did not specify any specific amount for any principal subdivision or principal item of expenditure as set out in the recommendations of the budget officer in his estimated budget document. Had the county court appropriated the exact sum recommended by its budget officer it might perhaps have been open to the construction that it thereby had adopted the amounts recommended for the various items, subdivisions, salaries, etc., in the budget document as submitted by its budget officer in detail. But where a *lump sum* larger by several thousand dollars than was recommended in the budget document was finally appropriated by the county court, it is, of course, impossible to determine how much was in fact appropriated by the county court for any particular item or subdivision of expenditures going to make up the total amount appropriated to cover the expenditures of the circuit court and the circuit clerk for the year 1936.

In this connection we note the fact that the county court at a meeting held a few days after it had adopted the county budget for the year 1936, passed a special resolution approving for the year 1936 the appointment of each deputy and assistant in the office of the circuit clerk, setting out in the resolution the name of each such employee. The petitioner is one of those so approved. Under section 11812, Laws of Missouri, 1933, p. 371, the county court has authority at any time to "reduce the compensation theretofore fixed by it," yet it approved the appointment of petitioner for the year 1936 without indicating any change with respect to the salary which she had been drawing as such employee. In this situation it is a fair assumption that the county court intended that the petitioner was to continue as such assistant clerk without any change in salary.

In light of what we have said above, since there is no contention but that petitioner served the circuit clerk faithfully in the capacity as assistant clerk during the months of January and February, 1936, the admitted refusal of the respondents to issue and deliver warrants to her for her salary at $175 for each of said months is without war-

rant in law. The respondents are ordered to issue and deliver to petitioner two warrants of the county of St. Louis, each in the sum of $175, plus interest thereon from the due date to the date of the delivery thereof to petitioner. *Hostetter, P. J.*, and *McCullen, J.*, concur.