Dear Representative Hickey:
This opinion is in response to your questions asking:
 A. Additional compensation for an additional duty is not a violation of Article VII, Section 13
of the Missouri Constitution, which prohibits an increase in an officer's compensation during his term of office. For purposes of Article III, Section 12
of the Missouri Constitution are the emoluments of an appointive office increased if the General Assembly enacts legislation providing additional compensation for a specified additional duty for the appointive office?
 B. Can a member of the General Assembly elected to a term beginning January 1983 accept an appointment from the Governor to the Labor and Industrial Relations Commission prior to the end of his term as a member of the General Assembly where the compensation as a Commissioner will be determined pursuant to Section 286.006 of House Substitute for Senate Bill No. 528, as enacted by the 82nd General Assembly?
 A.
Article VII, Section 13, Missouri Constitution, states:
 The compensation of state, county and municipal officers shall not be increased during the term of office; nor shall the term of any officer be extended.
The purpose of Article VII, Section 13, Missouri Constitution, is:
 "[T]o prevent persons while possessed of the prestige and influence of official power from using that power for their own advantage. . . ."
State ex rel. Scobee v. Meriwether, 355 Mo. 1217, 1219, 200 S.W.2d 340,341 (banc 1947) (quoting, Folk v. City of St. Louis, 250 Mo. 116, 135,157 S.W. 71, 74 (1913)).
Consistent with the stated purpose of this constitutional provision, the courts have indicated that the compensation of officers may be increased during their terms if such is compensation for the performance of new and additional duties not ordinarily germane to the office. Mooney v. County of St. Louis, 286 S.W.2d 763, 766 (Mo. 1956);Little River Drainage Dist. v. Lassater, 325 Mo. 493, 502, 29 S.W.2d 716,719 (1930).
Article III, Section 12, Missouri Constitution, states:
 No person holding any lucrative office or employment under the United States, this state or any municipality thereof shall hold the office of senator or representative. When any senator or representative accepts any office or employment under the United States, this state or any municipality thereof, his office shall thereby be vacated and he shall thereafter perform no duty and receive no salary as senator or representative. During the term for which he was elected no senator or representative shall accept any appointive office or employment under this state which is created or the emoluments of which are increased during such term. This section shall not apply to members of the organized militia, of the reserve corps and of school boards, and notaries public.
(Emphasis added.)
In Opinion Letter No. 355, Salveter, 1969, the purpose of ArticleIII, Section 12, Missouri Constitution, was stated to be the prevention of "the potential conflicts of interest which would arise if a senator or representative were to have other duties with respect to other governmental bodies, . . . ." Id., at 2. Likewise, in Opinion No. 175, Noland, 1975, at 3-4, and Opinion No. 88, Gant, 1973, at 4, Mr. McReynolds, who handled the file of what became Article III, Section 12, Missouri Constitution, was quoted as follows:
 [A] practice has grown up in the General Assembly where members of the General Assembly have, in the past accepted employment from the state and since they are called upon to vote upon appropriations and other matters which affect the policy of the particular departments, it was felt that a proper safeguarding of the rights of the departments and of the state in protection of itself and its interest should disqualify the members of the General Assembly from holding office of that kind or accepting employment or remuneration of that kind. . . .
15 Debates of the 1943-1944 Constitutional Convention of the State of Missouri 4720.
Unlike the situation under Article VII, Section 13, Missouri Constitution, no appellate authority in Missouri has grafted the "additional duties" exception onto Article III, Section 12, Missouri Constitution and for good reason. The "potential conflicts of interest" that exist when a state senator or state representative occupies another governmental office that receives pay increases granted by the General Assembly in which that senator or representative served is not cured by the addition of new duties to the other governmental office. Accordingly, we must conclude that the emoluments of an office are increased for purposes of Article III, Section 12, Missouri Constitution, if the General Assembly enacts legislation providing additional compensation for a specified additional duty for the appointive office.
 B.
Information known to us shows the following with regard to the second question asked: That the Second Regular Session of the Eighty-Second General Assembly passed House Substitute for Senate Bill No. 528 (hereinafter sometimes referred to as "S.B. 528"); that Section286.005 of S.B. 528 increases the salary of members of the Labor and Industrial Relations Commission from $40,000 per annum to $57,500 per annum plus an annual salary adjustment computed pursuant to Section 2 of S.B. 528;[1] that Section 286.006.1 of S.B. 528 imposes upon the Labor and Industrial Relations Commission the duty to "review any claim for benefits made under the provisions of the compensation to victims of crime law, as provided in chapter 595, RSMo."; that Section 286.006.2 of S.B. 528 provides that members of the Labor and Industrial Relations Commission who are serving on the effective date of S.B. 528 receive a sum, when added to the other compensation paid to the member prior to the effective date of S.B. 528, that will equal the compensation specified in Section 286.005.1 of S.B. 528 as compensation for the performance of the additional duty imposed by Section 286.006.1 of S.B. 528; that Sections 286.005 and 286.006 of S.B. 528 will become effective August 13, 1984; that the term of Herbert L. Ford as a member of the Labor and Industrial Relations Commission expires on June 27, 1984; and that the Governor will appoint Mr. Ford's successor in office pursuant to Article IV, Sections 49 and 51, Missouri Constitution.
You ask whether the Governor may appoint a member of the Second Regular Session of the Eighty-Second General Assembly of the State of Missouri to be Mr. Ford's successor on the Labor and Industrial Relations Commission.
As stated above, the emoluments of the appointive office of member of the Labor and Industrial Relations Commission were increased during the Second Regular Session of the Eighty-Second General Assembly. Accordingly, we conclude that Article III, Section 12, Missouri Constitution, prohibits the Governor from appointing a member of the Second Regular Session of the Eighty-Second General Assembly to the office of member of the Labor and Industrial Relations Commission during the term for which such member was elected.
Yours very truly,
 JOHN ASHCROFT Attorney General
[1] For a review of the history of the salaries of members of the Labor and Industrial Relations Commission, see State ex rel. Igoe v.Bradford, 611 S.W.2d 343 (Mo.App. 1981).