THE STATE ex rel. BEN SELLECK et al., Relators, v. JOHN P. GORDON, State Auditor.

Division Two, January 6, 1914.

1. COSTS: Continuance: Criminal Case: Taxed Against Party Asking Continuance. Where in a criminal case a continuance was granted at the October term, 1909, upon application by the State, all costs incurred at that term being adjudged against the State, and at the October term, 1910, the defendant pleaded guilty and was sentenced to the penitentiary, the costs taxed against the State at the 1909 term must be paid by it, in accordance with Sec. 5203, R. S. 1909, which provides that when a continuance in a criminal case is allowed on the application of either party, "it shall be at the costs of the party at whose instance it is granted, unless the court otherwise direct." Secs. 5376 and 5377, R. S. 1909, are announcements more in the nature of a general rule for the taxation of costs when the defendant is convicted and do not undertake to retax costs that have been previously adjudged.

2. SHERIFFS: Fees: Constitutional Law. A sheriff whose term began before the enactment of the statute giving to sheriffs fees for mileage in subpoenaing witnesses in criminal cases (Laws 1909, p. 505) is not entitled to those fees, for, if allowed, they would amount to an increase of his fees during his term of office, in violation of the Constitution

Mandamus.

Writ issued.

*Ben E. Hulse* for relators.

*John T. Barker,* Attorney-General, and *W. T. Rutherford,* Assistant Attorney-General, for respondent.

WILLIAMS, C.—This is an original proceeding by mandamus to compel the State Auditor to

**Costs.**

audit and allow a certain fee bill for costs, now due the relators, and incurred in the circuit court of Ralls county, Missouri, at the October term, 1909, thereof, in the case of State of Missouri v. Ben Selleck. The questions to be determined are purely legal in their nature, the facts involved being admitted by both parties. The facts, necessary to an understanding of the legal questions involved, are as follows: On the 15th day of March, 1909, the prosecuting attorney of Ralls county, Missouri, filed in the circuit court of said county an information in the case of State of Missouri, as plaintiff, against Ben Selleck, as defendant, charging the defendant with the crime of seduction under a promise of marriage. Said cause was set for trial at the October term, 1909, of said circuit court. At said term, said cause was, upon the application of the State of Missouri and by order and judgment of said circuit court, continued; and all the costs incurred in said cause at said term were, by order and judgment of said circuit court, adjudged and assessed against the State of Missouri. At the October term, 1910, of the said circuit court, the defendant entered a plea of guilty and was, by the said circuit court, sentenced to three years' imprisonment in the penitentiary. Defendant paid all the costs in said cause except the costs incurred at the October term, 1909. Later a fee bill was made out covering the costs which were incurred at the October term, 1909. Said fee bill contained items of costs due the clerk amounting to eleven dollars, and fees due the

sheriff in the total amount of $55.75. Two of the items as to the Sheriff's fees which are questioned, were as follows: "To 220 miles traveled both ways in summoning witnesses for State at 5 cents per mile,—$11. To 245 miles traveled both ways in summoning witnesses for defendant, at 5 cents per mile,—$12.25." Then follows the itemized list of sixty-three witnesses showing the fees and mileage due each witness. Thirty-six of said witnesses have for value received assigned their said fees to said Ben Selleck, and the remaining witnesses, the sheriff and clerk are joined with said Selleck as relators herein. The total amount of the fee bill is $315.25. This fee bill was duly examined by the circuit judge and the prosecuting attorney and properly certified by them to the State Auditor for payment. The State Auditor refused to audit and allow the cost bill, assigning the following reasons for such refusal: (1) The defendant having been convicted at the October term, 1910, the State by virtue of section 5376, Revised Statutes 1909, was not liable for the costs assessed against it at the time the continuance was granted; (2) that the items allowing the sheriff fees for mileage were illegal because the statute allowing the sheriff mileage in subpoenaing witnesses in criminal cases was first enacted during the term of office of said sheriff.

## OPINION.

I. It is contended by respondent that since the defendant was, at a later term, convicted, the State is not liable for the costs which were **Continuance in Criminal Case: Taxing Costs.** adjudged against it by the circuit court, upon the granting of its application for a continuance of the cause at the October term, 1909.

Section 5203, Revised Statutes 1909, is as follows: "Continuances may be granted to either party

in criminal cases for good cause shown, and the court may postpone the trial of any such case for good and sufficient reasons, of its own motion. When a continuance is allowed on the application of *either* party, *it shall be at the costs of the party at whose instance it is granted, unless the court otherwise direct.*"

Section 5376, Revised Statutes 1909, is as follows: "Whenever any person shall be convicted of any crime or misdemeanor he shall be adjudged to pay the costs, and no costs incurred on his part, except fees for board, shall be paid by the State or county."

Section 5377, Revised Statutes 1909, provides: "And in all cases in which the defendant shall be sentenced to imprisonment in the penitentiary," etc., "the State shall pay the costs, if the defendant shall be unable to pay them, except costs incurred on behalf of defendant. . . ."

In discussing the question we shall make no distinction between the costs incurred upon the part of the State and those incurred upon the part of the defendant, for the reason that it is not claimed that defendant is unable to pay the costs, but the decision of the question here involved will turn upon the construction to be given the foregoing statutes and more particularly on the construction to be given section 5203, supra. It will be noticed that said section deals with a special subject, to-wit: The taxation of costs when the cause is continued upon the application of either party, and in that sense provides an exception or special rule concerning the costs therein mentioned. The other sections are announcements more in the nature of a general rule for the taxation of costs when the defendant is convicted and do not undertake to retax costs that have been previously adjudged.

A somewhat opposite but very analogous situation to the one here involved was discussed in the case of State of Missouri v. William A. Brigham, 63 Mo. 258. In that case the defendant stood indicted for

embezzlement and at one term of court, upon his application, the cause was continued at his costs and judgment rendered against him therefor, by virtue of the then existing statute that "Continuances, may be granted to either party in criminal cases for like causes and under like circumstances as in civil cases." At a subsequent term, defendant was tried and acquitted. Defendant then moved to set aside the judgment rendered against him for costs, at the prior term, basing his contention upon the provision of Wagner's Statutes 1870, p. 349, sec. 4, which provided that "in all capital cases and those in which imprisonment in the penitentiary is the sole punishment for the offense, if the defendant is acquitted, the costs shall be paid by the State." (The same provision is now contained in section 5379, Revised Statutes 1909.) In refusing to allow defendant's contention the court, speaking through WAGNER, J., said:

"But this section only has reference to the costs that accrued at the trial which had not previously been specially adjudged against either party. If at a previous term there had been a judgment against the defendant for costs, they would not be comprehended within the intendment of the section. If there was any doubt about the legislative will in this regard, we think it is made perfectly plain by referring to the statute regulating criminal practice, which declares, that, 'verdicts may be set aside and new trials awarded on the application of the defendant and continuances may be granted to either party, in criminal cases, for like causes and under like circumstances, as in civil cases. [Wagn. Stat. 1872, p. 1104, sec. 18.] This we think is decisive of the case and renders the question too plain to admit of or require argument." [Id., l. c. 258-9.]

Applying the same logic in construing sections 5376 and 5377, supra, it follows that those sections have reference to costs "which had not previously

been specially adjudged against either party," and that therefore, under section 5203, supra, the State in the instant case is properly chargeable with all lawful items of costs adjudged against it at the October term, 1909, of said circuit court.

II. The only items of costs contained in said fee bill which are attacked on the ground that they are illegal and not properly taxable as items of cost in the cause are the two items of $11 and $12.25, claimed by sheriff Roland as fees for mileage in subpoenaing witnesses. Sheriff Roland's four-year term of office began about January 1, 1909. The statute authorizing sheriffs to receive fees for mileage in subpoenaing witnesses in criminal cases was first enacted in 1909 and after Sheriff Roland had begun his term of office. [Laws 1909, p. 505.] The sheriff was therefore not entitled to these fees for the reason that, if allowed, they would amount to an increase of his fees during his term of office. [Constitution of Missouri, art. 14, sec. 8.]

Sheriffs' Fees.

It is therefore ordered that a peremptory writ of mandamus issue commanding the State Auditor to audit and allow all items of said fee bill except the two items for the sheriff's mileage. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of WILLIAMS, C., is adopted as the opinion of the court. All the judges concur.