## J. B. DENNENY et al. v. D. E. SILVEY, City Collector, Appellant.

### Division Two, March 4, 1924.

1. **ORDINANCE: Title.** Section 28 of Article IV of the Constitution, declaring that no bill shall contain more than one subject, which shall be clearly expressed in its title, applies to legislation by the General Assembly, and has no application to ordinances enacted by cities of the fourth class.

2. **CITY COLLECTOR: Increase in Compensation: Additional Duties.** An ordinance, enacted by a city of the fourth class after the election of the city collector, which does not change the compensation he was to receive for the collection of general taxes as provided by ordinances enacted before his election, but simply imposes upon him the duty of reading the meters of a water and light plant owned by the city, and of collecting the rentals for the use of said meters and allowing him compensation for the performance of such services, does not increase his compensation for the services he was required to render by the ordinances in existence at the time of his election, and does not violate the statute (Sec. 8422, R. S. 1919) declaring that the salary of a city officer "shall not be changed during the time for which he was elected or appointed," nor the constitutional provision (Sec. 8, Art. 14) declaring that the compensation or fees of no municipal officer "shall be increased during his term of office."

Appeal from Howard Circuit Court.—*Hon. John G. Slate,* Special Judge.

REVERSED.

*Jasper Thompson* and *Willard P. Cave* for appellant.

(1) The trial court erred in holding void the ordinance of July 5, 1922. Secs. 8425, 8479, 8480, R. S. 1919; State ex rel. v. Ranson, 73 Mo. 89; State ex rel. v. McGovney, 92 Mo. 428; State ex rel. v. Walker, 97 Mo. 162; Cunningham v. Current River Railroad, 165 Mo. 270; State ex rel. v. Sheehan, 259 Mo. 421. No change was made in the compensation of the collector in said ordinance of July 5th, save and except for the new duties of reading the light and water meters and collecting the light and water bills from individual and corporate consumers. This violates no provision of the Constitution or any law of this State. State ex rel. Harvey v. Sheehan, 269 Mo. 421; State ex rel. McGrath v. Walker, 97 Mo. 162. (2) A litigant cannot attack the constitutionality of a statute or ordinance which does not directly invade his rights. Cunningham v. Current River Railroad, 165 Mo. 270; Ex parte Lucas, 160 Mo. 218; State ex rel. Crandall v. McIntosh, 205 Mo. 589; Ordelheide v. Modern Brotherhood, 226 Mo. 203; Danciger v. American Express Co., 247 Mo. 209; State ex rel. v. Williams, 232 Mo. 56. Where petition fails to show any substantial injury to be apprehended, plaintiffs are not entitled to injunctive relief. There are absolutely no charges made in the petition that the rate of compensation fixed by the ordinance for the collection of the light and water bills is excessive. The city would have to pay somebody for doing this very necessary work. In what way could irreparable injury be done to plaintiffs? They are not injured in any way, and should have no standing in this case. Robins v. Latham, 134 Mo. 472; Schuster v. Myers, 148 Mo. 429; Williams v. School Dist., 167 Mo. App. 476.

HIGBEE, C.—This is an action by two taxpaying citizens of Fayette, a city of the fourth class, to enjoin the

defendant, as collector of said city, from taking charge of and collecting the revenues derived from the water and light plants of said city and from receiving any fees or compensation for making such collections. A temporary injunction was granted which, on final hearing, was made perpetual, and the defendant appealed. The agreed statement of facts reads:

"It is agreed by and between the parties to this action that the facts therein are as follows, to-wit:

"The city of Fayette, Missouri, is a municipal corporation of the fourth class under the laws of the State of Missouri; that plaintiffs are resident taxpaying citizens of the city of Fayette, Missouri, and that they are two of the duly elected and qualified members of the board of aldermen of the city of Fayette; that the defendant herein was, on the 4th of April, 1922, duly elected city collector of the city of Fayette; and that he has duly qualified and given bond as such; and that he has, since the date last aforesaid, been exercising the functions of city collector of said city.

"It is further agreed that prior to the time the defendant was elected city collector of the city of Fayette, namely, on the 6th day of March, 1922, an ordinance was duly passed by its board of aldermen, which was duly approved by its mayor, and that said ordinance went into effect on the said 6th of March, 1922, which provided, among other things, for the compensation of the city collector of the said city, and that further, by the terms of said ordinance, the said city collector was elected for a term of two years from said 4th of April, 1922, and until his successor was duly elected and qualified; and that the said ordinance aforesaid, in so far as it applies to the compensation of the defendant as collector of the city of Fayette, is in words and figures as follows, to-wit:

" 'Section 10. The collector shall receive as compensation for his services, in addition to any fees allowed him by law, and which are not covered by this section, and as full compensation, four per cent commission on

the whole amount of revenue collected by him as taxes, and the same per cent upon all licenses collected by him; provided, if he fails to make any settlement or report to the board as required by law or ordinance, then he shall receive no compensation for that year; provided further, that the funds of the Water and Light departments shall not pass through his hands, but shall be kept and handled separately, and in no event shall he be entitled to or claim any commission on said funds.'

"It is further agreed and stipulated that thereafter, to-wit, on the 5th day of July, 1922, the board of aldermen of said city, by a majority of all the aldermen, duly passed an ordinance, and which was on the aforesaid date duly approved by the mayor of said city of Fayette, repealing the said ordinance, dated March 6, 1922, said ordinance being entitled, 'An Ordinance repealing and re-enacting an ordinance in relation to the collector and the collection of revenue.' That upon the consideration of the last mentioned ordinance, on the said 5th day of July, 1922, the board of aldermen consisted of six members, and that four of the duly elected aldermen of said city of Fayette voted in favor of the passage of said ordinance, and the two plaintiffs herein voted against its passage; and that on the same date, to-wit, July 5, 1922, the said ordinance was approved by the mayor of said city; that said last mentioned ordinance, dated July 5, 1922, among other things, provided as follows:

" 'Section 10. *Electric Light and Water Fund.* It is hereby made the duty of the collector on and after the 20th of July, 1922, to read all electric light and water meters; and on and after August 1, next, to collect all rentals and revenue therefrom and report to the board of aldermen on the first day of each succeeding month the amount so collected by him for each fund for the previous month. All electric light and water meters shall be read during the last ten days of each month. All electric light and water rentals shall be due and payable to the city on the first day of each month next after the meters have been read. If any electric light or water

user shall neglect to pay the collector the amount of his electric light or water rental on or before the 10th day of the month in which said light and water rental shall become due and payable, then it shall be the duty of the collector to collect and account for an additional amount of ten per cent as a penalty upon all electric light and water rentals so collected after the 10th day of each month.

" 'Section 11. *Compensation of Collector.* The collector shall receive as compensation for his services two and one-half per cent of the whole amount of revenues of the electric light and waterworks plant collected by him, and four per cent of the whole amount of all other licenses, taxes and revenue so collected; provided, if he fails to make any settlement or report to the board of aldermen, as required by law or ordinance, then he shall not receive any compensation for that month.'

"The admission herein as to the legal adoption of the last-mentioned ordinance is made subject to the legal objections of plaintiffs as to its validity upon the constitutional and statutory grounds set forth in plaintiffs' petition.

"It is admitted that the defendant intends to perform the duties enjoined upon him by the said last-mentioned ordinance on and after the 20th day of July, 1922, and he further admits that it is his intention to charge for and to collect the compensation provided for such duties with reference to the collection of said water and light bills, as is provided by the said last-mentioned ordinance.

"It is further stipulated that the ordinance made and adopted on the 6th of March, 1922, entitled, 'An ordinance repealing and re-enacting an ordinance entitled, "An ordinance in relation to the collector and collection of revenue," ' and approved March 6, 1922, was, on the day of the municipal election in the city of Fayette, to-wit, the 4th day of April, 1922, a valid and subsisting ordinance of said city."

The petition pleads the passage and approval of the ordinance of March 6, 1922, prior to the election of the defendant on April 4, 1922, as collector of said city for a term of two years; that the compensation of the defendant was fixed by said ordinance for his term of two years; that after the election and qualification of the defendant the board of aldermen of said city repealed said ordinance and enacted the ordinance of July 5, 1922. After setting out Section 11 of the last-mentioned ordinance, the petition charges that in so far as said ordinance applies to the compensation of the defendant it contravenes the provisions of Section 8422, Revised Statutes 1919, in that it changes the compensation of the defendant during his term of office and is repugnant to Section 8 of Article XIV and Section 28 of Article IV of the Constitution of Missouri; "that the defendant is claiming the right to take charge of said collection of revenue from the water and light plant of said city and is claiming the right to the change of compensation provided in said last-mentioned ordinance," etc.

It is not deemed necessary to set out the answer. Section 8422, Revised Statutes 1919, referring to salaries fixed by ordinance of cities of the fourth class reads:

"The board of aldermen shall have power to fix the compensation of all the officers and employees of the city, by ordinance. But the salary of an officer shall not be changed during the time for which he was elected or appointed."

Section 8 of Article XIV of the Constitution, reads:

"The compensation or fees of no state, county or municipal officer shall be increased during his term of office; nor shall the term of any office be extended for a longer period than that for which such officer was elected or appointed."

I. Section 28 of Article IV of the Constitution, that bills must contain but one subject, was intended to apply to state legislation and has no application to ordinances of cities of the fourth class. [City of Tarkio v. Cook, 120 Mo. 1.]

Title.

II.   Section 10 of the ordinance of March 6, 1922, which was effective on the date of its passage, provided that the compensation of the defendant (who was elected on April 4, 1922) as city collector, should be four per cent as commission on all taxes and licenses collected by him.   It further provided that the funds of the water and light departments should not pass through his hands but should be kept and handled separately.

Section 10 of the ordinance of July 5, 1922, made it the duty of the city collector, on and after July 20, 1922, to read all electric light and water meters each month and after August 1, 1922, to collect all rentals and revenue therefrom and make his report to the board of aldermen on the first day of each succeeding month, etc.

Section 11 provides that the city collector shall receive as compensation two and one-half per cent of the whole amount of revenues of the electric light and waterworks plant collected by him and four per cent of the whole amount of all other licenses, taxes and revenue so collected.

It will be observed that the ordinance of July 5th does not change the compensation the city collector was to receive for the performance of the duties imposed upon him by the ordinance of March 6th, but it imposed upon him the additional duties and responsibilities of reading the light and water meters each month and of collecting the rentals and revenues therefrom and of reporting and accounting therefor on the first day of each succeeding month, and for the performance of these additional duties it provided a compensation of two and one half per cent of the whole amount of the revenues of the water and light plants collected by him.   The defendant's compensation for the duties he was to perform by the ordinance of March 6th was not increased by the ordinance of July 5th; it simply imposed additional duties and provided compensation therefor.   It was no doubt thought desirable to consolidate the work.   We think the question presented by this appeal was ruled adversely to plaintiffs' contention in State ex rel. Harvey v. Sheehan, 269 Mo. 421, in which we held (quoting from Syllabus

4): "An act which enjoins on an officer new and additional duties and provides merely a compensation therefor, is not violative of the provision of the Constitution prohibiting any increase in the pay of an officer during his term of office."

The judgment is reversed. *Railey, C.,* concurs.

PER CURIAM:—The foregoing opinion of HIGBEE, C., is hereby adopted as the opinion of the court. All of the judges concur.