Irma MOONEY, Administratrix of the Estate of John E. Mooney, Deceased, Lynn Meyer, George Heege and Edward E. Heil, Constituting the Board of Election Commissioners of St. Louis County, Missouri, Respondents,

v.

COUNTY OF ST. LOUIS, Missouri, Appellant.

No. 44780.

Supreme Court of Missouri.

Division No. 1.

Feb. 13, 1956.

Herbert C. Funke, St. Louis County Counselor, Clayton, for appellant.

Robert G. J. Hoester, Clayton, Robert Mass, St. Louis, of counsel, for respondents.

HOLMAN, Commissioner.

Plaintiffs, former members of the Board of Election Commissioners of St. Louis County, Missouri, instituted this action seeking to recover from defendant, St. Louis County, Missouri, the sum of $1,500 each as additional salary alleged to be due them for the period from March 18, 1952, to September 18, 1953. Plaintiff John E. Mooney died while the cause was under

submission in the trial court and the administratrix of his estate was duly substituted as a plaintiff. The trial court entered a judgment for plaintiffs in the amount sued for and defendant has duly appealed therefrom. We have appellate jurisdiction as this is a civil action wherein a county is a party. Article V, Section 3, Constitution of Missouri 1945, V.A.M.S.

There is no controversy about the facts. Plaintiffs contend they are entitled to the additional salary by reason of the provisions of Senate Bill No. 254, enacted by the Sixty-Sixth General Assembly, which repealed and re-enacted Section 113.180 (all statutory references are to RSMo 1949 and V.A.M.S.). This Act contained a provision which increased the salary of the members of the Board of Election Commissioners from $2,000 to $3,000 per annum. We are not here concerned with other provisions of the Act which increased the compensation of certain employees of the Board.

The answer of defendant pleaded that plaintiffs were prohibited from receiving said increase in compensation by reason of Article VII, Section 13, of the Constitution of Missouri. This section provides that "The compensation of state, county and municipal officers shall not be increased during the term of office; nor shall the term of any officer be extended."

Plaintiffs filed a reply to the aforesaid answer in which they pleaded that the constitutional prohibition in question did not apply to them since the Sixty-Sixth General Assembly also enacted S.B. 237 which provided new and additional duties for plaintiffs as members of said Board of Election Commissioners.

It is conceded that plaintiffs are such "officers" as would come within the scope of the constitutional prohibition pleaded. Likewise, it is admitted that the increase in salary herein sought was for the last eighteen months of the four-year term for which plaintiffs were appointed. It therefore becomes clear that plaintiffs cannot recover in this action unless they are able to establish that the instant constitutional provision has no application herein.

Prior to the enactment and effective date of S.B. 237, the Board of Election Commissioners was required to perform certain acts and duties in regard to the registration of voters and the conduct of elections in all municipalities in St. Louis County having a population of not less than ten thousand inhabitants. Before the official certification of the 1950 census there were six such cities. In October, 1951, the census certification added three more. Senate Bill 237 amended Section 113.030 by providing that the Board should perform the duties heretofore mentioned in all cities having not less than five thousand inhabitants. The effect of this amendment was to add six more cities to those already under the jurisdiction of the Board, making a total of fifteen.

In the determination of the issue before us we will consider the legislative history of the two bills under consideration. Senate Bill 237 was introduced on May 8, 1951, and was passed by the Senate on October 9. It was passed in the House of Representatives on November 19, and approved by the Governor on December 5, 1951. Senate Bill 254 was introduced on May 15, 1951, and was passed by the Senate on October 9. The House of Representatives passed this bill on December 4, and it was approved by the Governor on December 20, 1951. Both bills were introduced by the same Senators and were referred to the same committee in the Senate. In the House, however, they were referred to different committees and were passed upon the motion of different members of that body. The effective date of each bill was March 18, 1952.

Defendant contends that the constitutional provision heretofore set out is an absolute bar to recovery by plaintiffs. It is asserted that plaintiffs have failed to establish that said provision is not applicable herein because (1) they have failed to show any legislative intent that the increase in salary was provided as compensation for the alleged new and additional duties, and (2) even if such intent is assumed,

the increase cannot be paid because the added duties were germane and incidental to the office and not foreign or extrinsic as required to warrant the exception.

■ At the outset plaintiffs contend that defendant cannot here rely on the constitutional prohibition pleaded because the question has not been properly preserved for appellate review. They cite as authority Bennett v. Cutler, Mo.Sup., 245 S.W.2d 900, City of St. Louis v. Butler Co., 358 Mo. 1221, 219 S.W.2d 372, and Red School Dist. No. 1 v. West Alton School Dist. No. 2, Mo.Sup., 159 S.W.2d 676. It has often been said that a constitutional question must be raised at the first available opportunity, presented in the motion for new trial and adequately covered in the briefs. In the instant case the constitutional bar to recovery was promptly pleaded by the defendant and has been fully briefed in this court. Plaintiffs, however, say it is not before us because not specifically mentioned in the motion for new trial.

■ It should be noted that we are not dependent upon a constitutional question to support our appellate jurisdiction. As we view this case there is really no constitutional question involved. We are not asked to construe this section of the constitution, nor is there any contention that the law increasing the salary of the Board members is unconstitutional and void. The sole question involved was whether plaintiffs, as incumbent officers, could make a showing which would exclude the application of the constitutional barrier and thus permit them to receive the financial benefit of the statute. This was the only question presented in the trial court. In this situation it would seem rather tenuous to argue that defendant is presumed to have abandoned the point because it was not specifically detailed in the motion for new trial. We rule this point against plaintiffs and will proceed to consider the merits of the contentions briefed by defendant.

■ There can be no doubt but that the legislature may award extra compensation to an incumbent for the performance of certain newly imposed duties without violating the constitutional inhibition under consideration. State ex rel. McGrath v. Walker, 97 Mo. 162, 10 S.W. 473; State ex rel. Harvey v. Sheehan, 269 Mo. 421, 190 S.W. 864; Denneny v. Silvey, 302 Mo. 665, 259 S.W. 422; Little River Drainage Dist. v. Lassater, 325 Mo. 493, 29 S.W.2d 716. "Although new duties germane to an office are imposed on an officer, the compensation cannot be increased without violating the prohibition against an increase in compensation after election or appointment, or during the term of the office. * * * However, such a provision does not prevent the legislature * * * from providing that a change in the duties of an incumbent of an office shall be accompanied by * * an increase * * * of compensation where the duties added * * * are extrinsic or foreign to the office and not incidental or germane thereto." 67 C.J.S., Officers, § 95 g.

■■ The burden was on the plaintiffs to show that the increase in salary provided in S.B. 254 was intended by the General Assembly as compensation for the additional duties required by S.B. 237. At every session of the legislature laws are enacted which affect the duties of many state and county officers. The mere fact that such legislation may result in an increase in the work and responsibility of an officer does not entitle him to claim additional compensation. We must assume that the members of the General Assembly were fully cognizant of the instant constitutional limitation. In all of the cases we have examined in which an increase during the term of office has been upheld, the legislature, in the Act creating the additional duties, has specifically provided that the extra compensation was for the performance of those duties. We do not intend to say that this is the only method of proving the legislative intent, but it certainly is the most satisfactory and conclusive proof and apparently is the customary method of legislative expression. An examination of the laws enacted at the

Sixty-Sixth General Assembly and of other recent sessions will disclose numerous instances in which it is declared that additional salary is provided as compensation for added duties required of public officials.

In the instant case there was no statement in either S.B. 254 or S.B. 237 to the effect that the increase in salary was to compensate for added duties. Neither bill referred to the other. Senate Bill 237 simply substituted the words "five thousand" in lieu of "ten thousand" in designating the minimum population of cities coming under the jurisdiction of the Board. Senate Bill 254, in so far as it applied to the members of the Board, merely provided that they should each receive a salary of three thousand dollars per year, whereas the section re-enacted had previously stated that the salary was two thousand dollars per year.

In view of the foregoing, we have concluded that plaintiffs have failed to point to any fact or circumstance from which a court could reasonably conclude that the legislature intended that the provision for an increase in salary become immediately effective as compensation for the added duties or responsibility resulting from the enactment of S.B. 237. These were not even shown to be companion measures. The most that can be said is that they both dealt with the same general subject in that they each related to the St. Louis County Board of Election Commissioners and were enacted at the same session of the General Assembly. This, we are convinced, is not sufficient to support the judgment herein.

Since we have ruled that plaintiffs cannot recover for the reason indicated, we need not consider the further contention of defendant that the increase could not be paid to these plaintiffs in any event because the additional duties were germane to the established duties of the office and hence would not create an exception to the constitutional prohibition.

The judgment is reversed.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.