Dear Messrs. Mathewson and Birch:
This opinion is in response to Representative Mathewson's question asking:
 "Based on sections 54.250 and 54.251 of the 1975 supplement [sic] to the 1969 Revised Missouri Statutes, what is the salary of a 2nd class county treasurer, as of January 1, 1979?"
We understand that Representative Mathewson is referring to the treasurer of Pettis County, which is a second class county having a valuation of approximately one hundred twenty million dollars. Representative Birch asks the same question with respect to Platte County, which is a second class county with a valuation of approximately one hundred fifty-nine million dollars.
House Bills Nos. 1121 1257 of the 79th General Assembly provided for the repeal of Section 54.250, RSMo Supp. 1975, and enacted Sections 54.250 and 54.251.
Section 54.250, as enacted by House Bills Nos. 1121 
1257, provides:
 "In all counties of the second class the county treasurer shall receive an annual salary of fifteen thousand dollars for his services as well as for duties imposed by section 54.145. This salary is in lieu of all fees, charges, commissions and emoluments of whatsoever kind due the county treasurer for services rendered by virtue of any statute of this state."
Section 54.251, as enacted by House Bills Nos. 1121 
1257, provides:
 "1. In all counties of the second class, the county treasurer shall establish and administer a federal revenue sharing trust fund, and shall make a detailed report to the governing body of the county, upon its request, of the receipts into and expenditures out of the fund.
 "2. In addition to any other compensation provided by law, the county treasurer shall receive three thousand dollars per annum for the performance of the additional duties required by this section. The sum required to be paid under this section shall be paid in twelve equal monthly installments out of the county treasury.
 "3. The provisions of this section shall terminate January 1, 1981."
Section 54.250, RSMo Supp. 1975, provided:
 "In all counties of the second class having an assessed valuation of less than three hundred million dollars as of August 13, 1974, the county treasurer shall receive an annual salary of twelve thousand dollars for his services as well as for duties imposed by section 54.145. This salary is in lieu of all fees, charges, commissions and emoluments of whatsoever kind due the county treasurer for services rendered by virtue of any statute of this state."
As can be seen prior to the repeal of Section 54.250, RSMo Supp. 1975, such section provided for the salary of the treasurer in second class counties such as Pettis and Platte Counties in the amount of twelve thousand dollars.
We are informed that both Pettis and Platte Counties became second class counties January 1, 1975. As a result of this transition to second class county from third class county, § 48.053, RSMo Supp. 1975, became applicable. Section 48.053
provides:
 "The incumbent of the office of county treasurer of a county changing from third class to second class or from second class to third class shall continue to hold office for the term to which he was elected. His successor in office shall be elected at the general election next preceding the expiration of the incumbent's term of office to a term of two years and until his successor is elected, as provided in section 54.010, RSMo, and qualified."
We also understand however that in the general election in 1974, Pettis County elected the county treasurer for a two-year term and subsequently thereafter for a four-year term, whereas Platte County elected a treasurer for a four-year term and subsequently for a two-year term. Under Section 54.010, RSMo, third class county treasurers were elected at the general election in 1974, whereas second class county treasurers would not have been elected until the general election in 1976. While the provisions of § 48.053 are not as clear as they could be in the type of change of classification which we have here, it is our view that since such counties went from third class to second class counties as of January 1, 1975, the treasurers of such counties who were elected at the general election in 1974 should have taken office for two-year terms and their successors in office should have been elected at the general election in 1976 for four-year terms under § 48.053. Under this interpretation, the treasurer of Platte County would have been improperly elected to a four-year term at the general election in 1974 because, as we have stated, it is our view that the election of such treasurer in 1974 should have been for a two-year term. In addition, because the treasurer of Platte County was elected in 1974 for a four-year term, the next election which took place in Platte County at the general election in 1978 for the treasurer's office was actually for a two-year term, whereas it should have taken place at the general election in 1976 and should have been for a four-year term. We hasten to point out, however, that although it is our view that the provisions of Section 48.053 were incorrectly interpreted as applied to Platte County, the incumbent treasurer is nevertheless properly in office, and we do not challenge the right of such treasurer to that office. Therefore, at the time that such officers began their January 1, 1977, terms Section 54.250, RSMo Supp. 1975, was in effect. Section 54.250, as enacted by House Bills Nos. 1121 1257 was literally effective August 13, 1978, but because of the provision of Section 13 of Article VII of the Missouri Constitution, which prohibits an increase in an officer's compensation during his term, such increase could not take effect during the term of such officer. See Mooney v. County of St. Louis, 286 S.W.2d 763
(Mo. 1956).
Section 54.251, as enacted by House Bills Nos. 1121 1257, literally took effect August 13, 1978, and by its own terms terminates January 1, 1981. Such section requires additional duties of the second class county treasurer and provides additional compensation for the performance of such duties.
We conclude that because new additional duties are imposed upon the treasurers under Section 54.251, they are entitled to the additional compensation provided, three thousand dollars per annum, effective August 13, 1978. Where the additional compensation is for additional duties not germane to the office, Section 13 of Article VII of the Constitution is not violated. Mooneyv. County of St. Louis, supra. This additional compensation will be prorated from August 13, 1978, to the end of that month and at the rate of $250 per month thereafter.
CONCLUSION
It is the opinion of this office that the county treasurers of Pettis and Platte Counties, second class counties, are entitled to the compensation provided by Section 54.250, RSMo Supp. 1975, twelve thousand dollars per annum and not to the compensation provided by Section 54.250 of House Bills Nos. 1121 1257 of the 79th General Assembly until the end of their terms, December 31, 1980. Further, such treasurers are entitled to the compensation provided under Section 54.251 of House Bills Nos. 1121 1257 of the 79th General Assembly in the amount of three thousand dollars per annum effective August 13, 1978, until January 1, 1981.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General