Dear Dr. Antonio:
This letter is in response to your question asking on what date each member of the State Board of Probation and Parole is legally permitted to receive an increase in compensation as a result of the enactment of Senate Bill 418, 80th General Assembly, First Regular Session.
The bill to which you refer repealed Sections 549.205, 549.211, 549.215, 549.217 and 549.219, RSMo 1978, and purported to repeal Section 549.218, all relating to the State Board of Probation and Parole, and enacted in lieu thereof a new Section 549.205, with an emergency clause which provided that the bill would be effective upon its passage and approval. The bill was approved August 1, 1979.
Because of a technical defect in Senate Bill 418, the General Assembly enacted a revision in House Bill 1529 in the Second Regular Session, 80th General Assembly, which also provided for the repeal of Section 549.218.
Repealed Sections 549.215, 549.217, 549.218 and 549.219 provided for an aggregate compensation of $27,000 a year for the chairman of the State Board of Probation and Parole and $24,000 for each member. Subsection 9 of Section 549.205, as amended (now Section 549.205, RSMo Supp. 1980), provides:
 The compensation for each member of the board shall be the same and shall be set by the director of the department of social services within the limits of the appropriation. The chairman shall receive in addition to the compensation as a member of the board, twenty-five hundred dollars per year for his duties as chairman. The members shall be entitled to reimbursement for necessary travel and other expenses incurred in the performance of their official duties.
It seems clear that subsection 9 of Section 549.205 was intended to provide for the total compensation for the members and the chairman irrespective of any possible technical defect or delay in the repeal of Section 549.218.
Article VII, Section 13, Missouri Constitution, provides:
 The compensation of state, county and municipal officers shall not be increased during the term of office; nor shall the term of any officer be extended.
In our Opinion No. 3 (1957), we concluded that the members of the State Board of Probation and Parole are state officers within the provisions of Article VII, Section 13, Missouri Constitution, and, therefore, increases in compensation during their terms of office are prohibited. We are of the view that that opinion is still valid and is applicable here.
We think that it is vital that in order to sustain increases in compensation as an exception to Article VII, Section 13, Missouri Constitution, the statute in question must clearly indicate a legislative intent that the increase in compensation is for additional duties required to be performed by such officers which were not previously germane to the office. Mooney v. County of St.Louis, 286 S.W.2d 763 (Mo. 1956). There is no indication in Section 549.205 that the legislature intended that such new duties, if any, would form the basis for an increase in compensation. Indeed, it is clear that the provisions of subsection 9 of Section 549.205 require that the compensation of each member of the board shall be the same and shall be set by the director of the department of social services within the limits of the appropriation and that the chairman shall receive an additional $2,500 per year. Clearly, no increase in compensation, if any, is based on any new duties required by Section 549.205.
Pursuant to the provisions of Article VII, Section 13 of the Missouri Constitution and in the absence of the imposition of new duties for which additional compensation is expressly provided, an increase in the compensation of members of the State Board of Probation and Parole would not take effect until the beginning of a new term of office for such member.
Very truly yours,
 JOHN ASHCROFT Attorney General