Dear Mr. Opie:
You have requested an opinion of this office on the following question:
 We would like the correct interpretation of the following part of RSMo 57.430: "The County [sic] court may, until January 1, 1985, allow an additional two hundred dollars during any one calendar month for these same official duties." Does this authorize payment in any amount above 20¢ per mile or payment of a flat fee in addition to 20¢ per mile without driving any additional miles?
That portion of the statute quoted in your question was added to subsection 1 of Section 57.430 by H.C.S.H.B. 907 and 1497, 1982 Missouri Laws 218, the title of which reads: "AN ACT to repeal sections 57.295, RSMo 1978 and 57.430 RSMo Supp. 1981, relating to mileage and uniform expenses of sheriffs and deputies, and to enact in lieu thereof two new sections relating to the same subject." We view your question to be whether the authorization for the additional two hundred dollars per month in Section57.430.1, RSMo Supp. 1982,[1] was intended by the General Assembly to be an authorization for additional compensation or a temporary increase in the maximum allowable amount of actual mileage expense reimbursement.
We conclude that the additional two hundred dollars per month provision is a temporary increase in the maximum allowable amount of sheriffs' and deputies' actual mileage expense reimbursement for the following reasons:
First, we look to familiar rules of statutory construction.
 In construing a statute the legislative intent must be kept in mind, if it may be ascertained, and the whole act, or such portions thereof as are in pari materia, should be construed, together. *** [citations omitted] Since the title to an act *** is itself a legislative expression of the general scope of the bill, it may be looked to as an aid in arriving at the intent of the Legislature. *** [citations omitted]
Sharp v. Producers' Produce Co., 226 Mo. App. 189, 192-193,47 S.W.2d 242, 244 (1932) (emphasis in original). The title of H.C.S.H.B. 907 and 1497 indicates that the subject of this act is expense reimbursement, not compensation. Most, if not all, of the other provisions of Section 57.430.1, RSMo Supp. 1982, relate to mileage expense reimbursement. Construing the mileage reimbursement parts of the statute with the additional two hundred dollars per month provision, one is led to the conclusion that the additional two hundred dollars per month provision was intended to provide expense reimbursement.
Second, if the additional two hundred dollars per month provision is considered compensation, a problem arises in the application of this provision to sheriffs. Most, if not all, sheriffs were last elected at the general election in 1980 and took office January 1, 1981. Their four-year terms of office are ending January 1, 1985. See generally Section 57.010, RSMo 1978. Article VII
Section 13, Missouri Constitution, states:
 The compensation of state, county and municipal officers shall not be increased during the term of office; nor shall the term of any officer be extended.
(Emphasis added.) This constitutional provision applies to sheriffs,see State ex rel. Selleck v. Gordon, 254 Mo. 471,162 S.W. 629 (1914), and prohibits an increase in compensation during a sheriff's term of office, unless new or additional duties are imposed upon the office. See Mooney v. County of St. Louis,286 S.W.2d 763 (Mo. 1956). The additional two hundred dollar per month provision does not add any new or additional duties to the office of sheriff and specifically states that the money is "for these same official duties."
Assuming arguendo that the additional two hundred dollars per month provision is construed as authorizing compensation, then under Article VII, Section 13, Missouri Constitution, and theSelleck case, the effective date of this provision would be January 1, 1985, for those sheriffs whose terms began prior to the enactment of H.C.S.H.B. 907 and 1497. The express language of Section 57.430.1, RSMo Supp. 1982, states that January 1, 1985, is the termination date for the additional two hundred dollars per month provision. Therefore, if one considers the provision to be compensation, then, under Article VII, Section 13, Missouri Constitution, and the Selleck case, the effective date of the provision is the same as its termination date for those sheriffs whose terms began prior to the enactment of this provision. This would be an absurd construction of this provision. To avoid this absurd result, the additional two hundred dollars per month provision should be considered mileage expense reimbursement. See Missouri Attorney General Opinion No. 31, 1961, to Fritz (concluding that increases in mileage allowances do not increase compensation within the meaning of Article VII, Section 13, Missouri Constitution).
CONCLUSION
It is the opinion of this office that the 1982 repeal and reenactment of Section 57.430.1 authorizes county courts to increase the maximum allowable amount of sheriffs' and deputies' actual mileage expense reimbursement by two hundred dollars per calendar month. The additional two hundred dollars per month provision of this statute does not authorize payment in any amount above twenty cents per mile actually driven, nor does it authorize the payment of any compensation in addition to actual mileage reimbursement.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Phillip K. Gebhardt.
Very truly yours,
 JOHN ASHCROFT Attorney General
[1] Section 57.430.1, RSMo Supp. 1982, provides:
 In addition to the salary provided in sections 57.390 and 57.400, the county court shall allow the sheriffs and their deputies, payable at the end of each month out of the county treasury, actual and necessary expenses for each mile traveled in serving warrants or any other criminal process not to exceed twenty cents per mile, and actual expenses not to exceed twenty cents per mile for each mile traveled, the maximum amount allowable to be four hundred dollars during any one calendar month in the performance of their official duties in connection with the investigation of persons accused of or convicted of a criminal offense. The county court may, until January 1, 1985, allow an additional two hundred dollars during any one calendar month for these same official duties. When mileage is allowed, it shall be computed from the place where court is usually held, and when court is usually held at one or more places, such mileage shall be computed from the place from which the sheriff or deputy sheriff travels in performing any service. When two or more persons who are summoned, subpoenaed, or served with any process, writ, or notice, in the same action, live in the same general direction, mileage shall be allowed only for summoning, subpoenaing or serving of the most remote.
(Emphasis added.)