The Honorable Wayne Goode Senator, District 13 State Capitol Building, Room 329 Jefferson City, Missouri 65101
Dear Senator Goode:
This opinion is in response to your question asking:
 Conference Committee Substitute for Senate Substitute for Senate Committee Substitute for House Bill No. 1395 and House Bill No. 1448, passed in the second regular session of the 85th General Assembly, amended section 321.190, RSMo, by increasing the maximum meeting attendance reimbursement for fire protection district board members in first class counties from $50 to $100 per meeting. May the fire district amend its ordinance to call for an increase in the attendance fees to meet the new statute or is the district prohibited from doing so by the Missouri Constitution, Article VII, section 13? If prohibited from taking such action immediately, when would the district be allowed to take such action; after the next scheduled election for board members, the reimbursement to then apply to all current and newly elected members; or after all current board members have served their terms?
Section 321.190, as amended by Conference Committee Substitute for Senate Substitute for Senate Committee Substitute for House Bill No. 1395 and House Bill No. 1448, 85th General Assembly, Second Regular Session (1990) (hereinafter House Bills Nos. 1395 and 1448) provides, in pertinent part, as follows:
 321.190. Each member of the board may receive an attendance fee not to exceed one hundred dollars for attending each regularly called board meeting, or special meeting, but shall not be paid for attending more than two in any calendar month except that in a county of the first class having a charter form of government, shall not be paid for attending more than four in any calendar month. . . . [Emphasis added.]
* * *
Prior to this amendment, Section 321.190, RSMo 1986, provided for an attendance fee not to exceed fifty dollars.
Article VII, Section 13 of the Missouri Constitution states:
 Section 13. Limitation on increase of compensation and extension of terms of office. The compensation of state, county and municipal officers shall not be increased during the term of office; nor shall the term of any officer be extended.
A "fire protection district" is defined by Section 321.010, RSMo 1986, as follows:
 321.010. Definition — election procedure. — 1. A "fire protection district" is a political subdivision which is organized and empowered to supply protection by any available means to persons and property against injuries and damage from fire and from hazards which do or may cause fire, and which is also empowered to render first aid for the purpose of saving lives, and to give assistance in the event of an accident or emergency of any kind. The district must consist of contiguous tracts or parcels of property containing all or parts of one or more counties, and may include within its boundaries, or may be contiguous with, any city, town or village.
* * *
A fire protection district created pursuant to Chapter 321, RSMo, has been held to be a municipal corporation. CommunityFire Protection District of St. Louis County v. Board ofEducation of Pattonville Consolidated School District R-3,315 S.W.2d 873, 877 (Mo.App., St.L. 1958). Therefore, we conclude that members of the board of directors of a fire protection district are "municipal officers" as the term is used in ArticleVII, Section 13 of the Missouri Constitution.
In Mooney v. County of St. Louis, 286 S.W.2d 763 (Mo. 1956), the Missouri Supreme Court faced a question similar to your question when a statute increasing the compensation of members of the Board of Election Commissioners of St. Louis County was enacted. The Court stated:
 We must assume that the members of the General Assembly were fully cognizant of the instant constitutional limitation. In all of the cases we have examined in which an increase during the term of office has been upheld, the legislature, in the Act creating the additional duties, has specifically provided that the extra compensation was for the performance of those duties.
Id., 286 S.W.2d at 766. The Court concluded that former members of the St. Louis County Board of Election Commissioners were not entitled to recover additional compensation where there was no showing that the increase was to compensate for new and additional duties.
Similarly, House Bills Nos. 1395 and 1448 contain no provision leading to the conclusion that the increase in attendance fees is intended as compensation for new and additional duties. Therefore, we conclude that pursuant to the provisions of Article VII, Section 13 of the Missouri Constitution, members of the board of directors of a fire protection district are not entitled to receive, in their present term of office, the additional compensation authorized by Section 321.190, as amended by House Bills Nos. 1395 and 1448.
You next ask when a fire protection district board member is allowed to receive the additional compensation. In Attorney General Opinion Letter No. 29, Antonio, 1982, a copy of which is enclosed, we concluded:
 Pursuant to the provisions of Article VII, Section 13 of the Missouri Constitution and in the absence of the imposition of new duties for which additional compensation is expressly provided, an increase in the compensation of members of the State Board of Probation and Parole would not take effect until the beginning of a new term of office for such member.
Id., at page 3. See also Attorney General Opinion No. 25, Antonio, 1982, a copy of which is enclosed, concluding that no member of the State Tax Commission was entitled to an increase in compensation provided by a new statute until he assumed a new term of office. Therefore, we conclude a current member of the board of directors of a fire protection district cannot receive the additional compensation until he assumes a new term of office.
CONCLUSION
It is the opinion of this office that pursuant to the provisions of Article VII, Section 13 of the Missouri Constitution, no current member of the board of directors of a fire protection district is entitled to the increase in attendance fees authorized by Section 321.190, as amended by Conference Committee Substitute for Senate Substitute for Senate Committee Substitute for House Bill No. 1395 and House Bill No. 1448, 85th General Assembly, Second Regular Session (1990), until he assumes a new term of office.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures: Opinion Letter No. 29, Antonio, 1982 Opinion No. 25, Antonio, 1982