Stephen P. Sokoloff Dunklin County Prosecuting Attorney Dunklin County Courthouse Kennett, Missouri 63857
Dear Mr. Sokoloff:
This opinion is in response to your question asking:
 Does the amendment to Section 473.739, RSMo (1990 Supp.), particularly that portion amending the maximum allowable fees received by a public administrator which entitles such public administrator to receive the annual compensation of $4,000.00, apply to a public administrator whose term of office commenced January 1, 1989, so as to make such public administrator eligible for the additional fees up to the $25,000.00 ceiling, and still maintain eligibility for the $4,000.00 annual compensation?
Along with your question you state:
 The Public Administrator of Dunklin County, Missouri (a third class county) commenced his four year term of office on January 1, 1989. The prior revision of Section 473.739 RSMo (1984) provided that a Public Administrator who received less than $15,000.00 in fees was entitled to receive as compensation the sum of $4,000.00. In 1990, Section 473.739 RSMo was amended to raise the cap on fees to $25,000.00 without disqualifying the Public [Administrator] from receiving the $4,000.00 compensation. For the year 1990, the Public Administrator of Dunklin County, Missouri, received in excess of $15,000.00 in other fees, but less than $25,000.00.
Section 473.739, RSMo 1986, provided:
 473.739. Compensation for attendance at training sessions for county officials, certain administrators. — Each public administrator, except in counties of the first class with a charter form of government, who does not receive at least fifteen thousand dollars in fees as otherwise allowed by law in the years 1984 and 1985, upon certification by the Missouri Association of Public Administrators of attendance at a training program required by the provisions of section 67.130, RSMo, shall receive annual compensation of four thousand dollars for the year 1985, and a proportionate part of four thousand dollars for that part of the year 1984 when this section is in effect, for the added duty of attending the training program required by the provisions of section 67.130, RSMo. This additional compensation shall be paid on January 1, 1985, for that part to which he is entitled for the year 1984, and on January 1, 1986, for that to which he is entitled for the year 1985, or as soon after those dates as the public administrator may be able to establish the total of the fees paid for those years. [Emphasis added.]
Section 473.739 was amended in 1987 by Conference Committee Substitute for House Committee Substitute for Senate Substitute for Senate Committee Substitute for Senate Bills Nos. 65, 133, 178, 216 and 231, 84th General Assembly, First Regular Session, and provided:
 473.739. Compensation for attendance at training session, certain public administrators, expenses may be reimbursed, when (noncharter counties). — 1. Each public administrator, except in counties of the first class with a charter form of government, who does not receive at least fifteen thousand dollars in fees as otherwise allowed by law shall receive annual compensation of four thousand dollars.
 2. Two thousand dollars of the compensation authorized in this section shall be payable to the public administrator only if he has completed at least twenty hours of classroom instruction each calendar year relating to the operations of the public administrator's office when approved by a professional association of the county public administrators of Missouri unless exempted from the training by the professional association. The professional association approving the program shall provide a certificate of completion to each public administrator who completes the training program and shall send a list of certified public administrators to the treasurer of each county. Expenses incurred for attending the training session may be reimbursed to the county public administrator in the same manner as other expenses as may be appropriated for that purpose.
Section 473.739 was again amended by Senate Bill No. 580, 85th General Assembly, Second Regular Session (1990). Section473.739, RSMo Supp. 1990, provides:
 473.739. Compensation for attendance at training session, certain public administrators, expenses may be reimbursed, when (noncharter counties). — 1. Each public administrator, except in counties of the first class with a charter form of government, who does not receive at least twenty-five thousand dollars in fees as otherwise allowed by law shall receive annual compensation of four thousand dollars and each such public administrator who does not receive at least twenty-five thousand dollars in fees may request the county salary commission for an increase in annual compensation and the county salary commission may authorize an additional increase in annual compensation not to exceed ten thousand dollars.
 2. Two thousand dollars of the compensation authorized in this section shall be payable to the public administrator only if he has completed at least twenty hours of classroom instruction each calendar year relating to the operations of the public administrator's office when approved by a professional association of the county public administrators of Missouri unless exempted from the training by the professional association. The professional association approving the program shall provide a certificate of completion to each public administrator who completes the training program and shall send a list of certified public administrators to the treasurer of each county. Expenses incurred for attending the training session may be reimbursed to the county public administrator in the same manner as other expenses as may be appropriated for that purpose.
Article VII, Section 13 of the Missouri Constitution states:
 Section 13. Limitation on increase of compensation and extension of terms of office. The compensation of state, county and municipal officers shall not be increased during the term of office; nor shall the term of any officer be extended.
In Mooney v. County of St. Louis, 286 S.W.2d 763 (Mo. 1956), the Missouri Supreme Court interpreted a statute increasing the compensation of members of the Board of Election Commissioners of St. Louis County. The court stated:
 We must assume that the members of the General Assembly were fully cognizant of the instant constitutional limitation. In all of the cases we have examined in which an increase during the term of office has been upheld, the legislature, in the Act creating the additional duties, has specifically provided that the extra compensation was for the performance of those duties.
Id., 286 S.W.2d at 766. The court concluded that former members of the St. Louis County Board of Election Commissioners were not entitled to recover additional compensation where there was no showing that the increase was to compensate for new and additional duties.
In answering your question, there are two issues to address: whether the amendment to Section 473.739 enacted by Senate Bill No. 580 provides for an increase in compensation and, if so, whether the increase is to compensate for new and additional duties.
The amendment enacted by Senate Bill No. 580 provides additional compensation in the amount of $4,000 for public administrators who receive more than $15,000 but less than $25,000 in fees. Prior to this enactment, such compensation was not available. Because this provision was not in existence prior to the beginning of the term of the Dunklin County Public Administrator, the 1990 amendment does increase compensation during the term of office. The question, then, is whether the increase is compensation for new and additional duties.
Section 473.739.2, RSMo Supp. 1990, provides:
 2. Two thousand dollars of the compensation authorized in this section
shall be payable to the public administrator only if he has completed at least twenty hours of classroom instruction each calendar year relating to the operations of the public administrator's office when approved by a professional association of the county public administrators of Missouri. . . . [Emphasis added.]
We note that the provisions relating to training for county officials were enacted by Senate Committee Substitute for Senate Bill No. 601, 82nd General Assembly, Second Regular Session (1984), the same bill that first enacted Section 473.739. These provisions are codified at Section 67.130, RSMo 1986, among others. Section 67.130, RSMo 1986, provides in part:
 67.130. Training commission for county officials established — purposes — members — appointment — duties. — 1. The various associations of county officials may establish a training commission for county clerks, county collectors, county assessors, county treasurers, county auditors, county coroners and medical examiners, county sheriffs, county recorders of deeds, county commissioners and certain public administrators
training programs established by such commissions shall consist of not less than twenty nor more than thirty hours of actual instruction per year, to deal with areas of concern in intergovernmental relations between state offices and the aforesaid county officers. The training commission may call upon the appropriate state offices for assistance in developing and administering the training programs. Each county officer named above shall annually attend the training program required by the provisions of this section. [Emphasis added.]
* * *
Statutes relating to the same subject must be considered together, particularly those provisions adopted in the same act. Cascio v. Beam, 594 S.W.2d 942 (Mo. banc 1980).
We believe the reference to "certain public administrators" in Section 67.130, RSMo 1986, referred to the public administrators listed in Section 473.739, RSMo 1986, namely, "[e]ach public administrator, except in counties of the first class with a charter form of government, who does not receive at least fifteen thousand dollars in fees as otherwise allowed by law. . . ."
Because public administrators receiving more than $15,000 but less than $25,000 in fees were not included in Section473.739, RSMo, until the 1990 amendment, we conclude that the training requirement became a new responsibility for such public administrators in 1990. Two thousand dollars of the four thousand dollars additional compensation provided in Section473.739.1, RSMo Supp. 1990, is conditioned upon completion of required training. Section 473.739.2, RSMo Supp. 1990. Since $2,000 is compensation for additional duties, such compensation is not in violation of Article VII, Section 13 of the Missouri Constitution. See Mooney v. County of St. Louis, supra,286 S.W.2d at 766.
We find no provisions leading to the conclusion that the remaining $2,000 is intended as compensation for new and additional duties. Therefore, we conclude that pursuant to Article VII, Section 13 of the Missouri Constitution, a public administrator who began his term of office on January 1, 1989, and receives more than $15,000 but less than $25,000 in fees is not entitled to receive in his present term of office the additional $2,000 provided in Section 473.739, RSMo Supp. 1990.
CONCLUSION
It is the opinion of this office that a county public administrator who began a four year term of office on January 1, 1989, who receives fees of more than $15,000 but less than $25,000, and who completes the required training is entitled to $2,000 of the $4,000 additional compensation provided in Section473.739, RSMo Supp. 1990.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General