The Honorable Chris Liese Representative, District 85 State Capitol Building Jefferson City, MO 65101
Dear Representative Liese:
You have asked whether current members of the fire protection districts in Jackson, St. Charles and St. Louis counties may receive the additional compensation as provided in Senate Bill 436.
Section 321.190 RSMo 1994 provides:
 Each member of the board may receive an attendance fee not to exceed one hundred dollars for attending each regularly called board meeting, or special meeting, but shall not be paid for attending more than two in any calendar month, except that in a county of the first class having a charter form of government, he shall not be paid for attending more than four in any calendar month. In addition, the chairman of the board of directors may receive fifty dollars for attending each regularly or specially called board meeting, but shall not be paid the additional fee for attending more than two meetings in any calendar month. Each member of the board shall be reimbursed for his actual expenditures in the performance of his duties on behalf of the district. The secretary and the treasurer, if members of the board of directors, may each receive such additional compensation for the performance of their respective duties as secretary and treasurer as the board shall deem reasonable and necessary, not to exceed one thousand dollars per year. . . .
Section 321.603 1999 Supp. provides:
 In addition to the compensation provided pursuant to section 321.190 for fire protection districts located in a county of the first classification with a charter form of government, each member of any such fire protection district board may receive an attendance fee not to exceed one hundred dollars for attending a board meeting conducted pursuant to chapter 610, RSMo, but such board member shall not be paid for attending more than four such meetings in any calendar month.
This section is SB 436 from the 1999 legislative session.
In your request you state that the legal counsel for Maryland Heights Fire Protection District expressed the verbal opinion that the compensation contemplated in Section 321.603 be provided only to future members of the district. No explanation of this advice has been provided this office.
This office was faced with a similar question in 1990. At that time the legislature increased the compensation of all fire protection district members from $50 to $100 for attendance per meeting pursuant to Section 321.190 RSMo. Based upon the provisions of Article VII, Section 13 of the Missouri Constitution and the holdings in Community Fire Protection District of St.Louis County v. Board of Education of Pattonville ConsolidatedSchool District R-3, 315 S.W.2d 873 (Mo.App. 1958) and Mooney v.County of St. Louis, 286 S.W.2d 763 (Mo. 1956) we concluded that no current member of a board of directors of a fire protection district was entitled to the increase in fees until that board member assumes a new term of office. See Opinion Number 198-90, a copy of which is attached.
Duties of members of the board of directors for Jackson, St. Charles and St. Louis counties have not been increased by the provisions of Senate Bill 436. All it appears to do is increase the compensation to the board members from those counties for attending meetings conducted pursuant to Chapter 610 RSMo. As a public governmental body fire protection districts were required to comport their meetings with Chapter 610 RSMo prior to the passage of SB 436. See Baver v. Kincaid, 759 F. Supp. 575
(W.D.Mo. 1991).
 CONCLUSION
Members of the board of directors of fire protection districts in St. Charles, Jackson and St. Louis counties are not entitled to the additional compensation under the provisions of Section 321.603 RSMo 1999 Supp. (Senate Bill 436) until they assume a new term of office.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
Enclosure
March 19, 2001
Attached is Missouri Attorney General Opinion No. 59-2001 issued on March 19, 2001. For purposes of indexing, we are summarizing the opinion as follows:
After a city has adopted a chief of police position rather than a city marshal through an ordinance approved by the voters pursuant to Section 79.050, RSMo, the board of aldermen may change the term of office by ordinance, which ordinance is not subject to approval by referendum.
We are indexing the opinion under the headings: Board of Alderman, Chief of Police, City Marshal
March 19, 2001
Attached is Missouri Attorney General Opinion No. 82-2001 issued on March 19, 2001. For purposes of indexing, we are summarizing the opinion as follows:
Members of the board of directors of fire protection districts in St. Charles, Jackson, and St. Louis Counties are not entitled to the additional compensation under the provisions of Section321.603, RSMo Supp. 1999 (Senate Bill 436) until they assume a new term of office.
We are indexing the opinion under the headings: Compensation, Fire Protection Districts, Sunshine Law